Neuman *v.* Pittsburgh Railways Company, Appellant.

Argued March 24, 1958. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

Leo Daniels, with him James A. Geltz, and Prichard, Lawler & Geltz, for appellant.

A. H. Rosenberg, with him Rosenberg and Rosenberg, for appellees.

OPINION BY JUSTICE ARNOLD, May 26, 1958:

This is an action of trespass to recover damages for personal injuries sustained by the wife-plaintiff when she was alighting from a streetcar in the city of Pittsburgh. Her testimony was to the effect that the car was suddenly started forward while she was about to step from the platform, and she was thrown to the ground. Her injuries were confined to the back and ankle.

At trial the defendant offered to prove from an alleged business record[1] that, according to the conductor, the car was in a stationary position and the plaintiff, holding her child by the hand, stumbled on the step of the car; and that she subsequently stated that she did not know how she fell. The court's exclusion of this testimony is one of the principal assignments of error.

The matter is decided in Palmer v. Hoffman, 318 U. S. 109, 87 L. Ed. 645, in which the United States

---

[1] See Act of 1939, P. L. 42, 28 PS §91a et seq.

Supreme Court affirmed the judgment of the Circuit Court of Appeals (129 F. 2d 976).

The *Palmer* case is much like the instant case. There was involved a grade crossing accident alleged to be due to the negligence of the railroad company. The engineer had made a written statement at the freight office of the railroad (allegedly in the regular course of business), exculpating or tending to exculpate the railroad. The United States Supreme Court held that the statement was not made in the regular course of business within the meaning of the Uniform Business Records as Evidence Act. Holding that the report was not made in the regular course of business, the Court declared that the business of the railroad was transportation, and the preparation of cases for trial does not make such statements a part of defendant's business. "It is not a record made for the systematic conduct of the business as a business . . . or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. The conduct of a business commonly entails the payment of tort claims incurred by the negligence of its employees. But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business within the meaning of the Act": *Palmer v. Hoffman,* supra, p. 113. In the instant case the court below properly excluded the defendant's offer.

The next question presented by this appeal is that the judgment was excessive. The judgment is for $9,000 for the wife-plaintiff and $3,000 for the husband of the plaintiff. We cannot say it is excessive even though the plaintiff's symptoms were largely subjective. A person may suffer extreme pain and in fact be disabled by symptoms for which the physicians can-

not find reason or cause. Nevertheless they exist. The plaintiff's injuries required hospitalization on a number of different occasions and her doctors were most positive that she suffered the pain of which she complained. She suffered from a disc lesion and required large amounts of medication in the form of codeine and serpasil. She suffered from pains in the back and had lost 25 to 30 pounds in weight. She will likely require further hospitalization and surgical care. We cannot say that the verdict was too large.

The citation of cases showing various amounts in which judgments were sustained or reversed is of little or no help in determining whether or not the present judgment is excessive, for one has to evaluate every factor of the resultant injuries.

The judgment is affirmed.