Rapoport *v.* Sirott, Appellant.

Argued November 20, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Howard Gittis*, with him *Steven A. Arbittier*, and *Wolf, Block, Schorr and Solis-Cohen*, for appellant.

*Sheldon W. Farber*, with him *Robert Silverman* and *Herbert S. Levin*, for appellee.

OPINION BY MR. JUSTICE JONES, May 3, 1965:

This is an appeal from a default judgment entered in a trespass action by the Court of Common Pleas No. 6 of Philadelphia County as a sanction under Pa. R. C. P. 4019.

52.

On January 9, 1964, Irvin Rapoport (Rapoport), by the issuance of a summons, instituted a trespass action for criminal conversation against George Sirott (Sirott). Service of this summons was made upon the desk clerk in charge of the Parkway House, Philadelphia, which, Rapoport contends, was the residence of Sirott at that time. According to an affidavit of record—unnoted on the docket entries—Sirott, on February 1, 1964, was served in the same manner and place with a notice that his deposition, in aid of discovery under Pa. R. C. P. 4007, would be taken on February 4, 1964. Sirott did not appear at that deposition.[1]

On February 19, 1964, a complaint[2] was served upon Sirott personally in Camden, New Jersey. Five days thereafter, Sirott filed preliminary objections which challenged the validity of the service both of the summons and complaint, and, at the same time, moved for a protective order until such time as the court determined the questions raised on the preliminary objections and, if such determination was adverse to Sirott, until the pleadings were closed. One day thereafter, Sirott's counsel was notified that Sirott's deposition would be taken on February 25, 1964; on February 24, 1964, Sirott's counsel again moved for a protective order and, pending disposition thereof, Sirott did not appear for that deposition.

---

[1] As to this notice, Sirott's brief states, inter alia: ". . . [Rapoport] did not file a notice to take [Sirott's] deposition . . ., but rather invalidly attempted to subpoena [Sirott] by leaving notice of the subpoena with the desk clerk at an apartment where [Sirott] no longer resided. [Rapoport] at no time served a copy of the subpoena or any notice to appear on [Sirott's] counsel. In addition, the subpoena directed [Sirott] to appear at 66th Street and Woodland Avenue in the City and County of Philadelphia, whereas the transcript . . . showed that [Rapoport's] counsel was waiting to take [Sirott's] deposition in Norristown, Montgomery County . . . ."

[2] This complaint sought compensatory, exemplary and punitive damages in the amount of $2,000,000.

While disposition of Sirott's preliminary objections was pending, Rapoport's counsel notified the manager of the Parkway House that he intended to take his deposition on March 23, 1964; again Sirott's counsel moved for a protective order alleging that at the time fixed he was engaged in the trial of a case in the federal court. Allegedly as an accommodation to Sirott's counsel, a new date for taking this deposition was fixed, Sirott's counsel did appear and the deposition of the Parkway House manager was taken. Thereafter, on the basis of this deposition, the court overruled Sirott's preliminary objections (April 9, 1964) and the motion for a protective order (April 14, 1964) and Sirott then filed an answer containing new matter to which Rapoport filed a reply.

Allegedly after unsuccessful efforts of Rapoport's counsel to persuade Sirott's counsel to have Sirott appear for depositions, on June 3, 1964, Rapoport moved for the imposition of a sanction by way of a default judgment against Sirott. This motion for a sanction was based upon the failure of Sirott to appear for deposition after notices given on February 1 and 25, 1964, and the court was requested to direct Sirott to appear for depositions within 20 days or suffer a default judgment. Two days later Rapoport filed a new notice to take the deposition of Sirott on June 11, 1964, and, on June 10, 1964, Sirott's counsel moved for another protective order requesting that Sirott's deposition be taken upon written interrogatories or, in the alternative, upon oral examination in Nevada which, allegedly, was *then* the place of Sirott's residence. In this motion for a protective order, it was averred: (a) Sirott had been a bona fide resident of Reno, Nevada, since March 1964 and had not resided in Pennsylvania since January 15, 1964; (b) since Sirott was under indictment in Pennsylvania upon the same

charges embodied in this trespass action, Rapoport, by his efforts to have Sirott's depositions taken in Pennsylvania, was attempting in bad faith to use the rules of discovery to effect Sirott's arrest in Pennsylvania and to circumvent presently pending extradition proceedings against Sirott and, if Sirott was required upon deposition to answer questions concerning facts in this case, he would be required to incriminate himself in violation of his constitutional rights. On June 11, 1964, Sirott did not appear for deposition.

On June 16, 1964, Judge McCLANAGHAN of the Court of Common Pleas No. 7 of Philadelphia County granted Rapoport's motion for sanction, continued Sirott's motion for a protective order and directed that Sirott appear for the taking of his deposition within twenty days or suffer the entry of a default judgment. Rapoport's counsel, acting in accordance with this court direction, then scheduled the taking of Sirott's deposition for July 6, 1964, such deposition to be limited, according to Rapoport's counsel, to Sirott's "financial records and income, since [Rapoport] sought exemplary damages."[3]

On July 1, 1964, Rapoport's counsel moved that Sirott's motion for a protective order be overruled as moot and, on July 2, 1964, Sirott filed an answer to Rapoport's motion for sanction, moved for a new protective order and then filed an appeal to our Court from the order of June 16, 1964. This new motion for a protective order was based substantially upon the same grounds as alleged in the motion for a protective order filed on June 10, 1964. On July 3, 1964, the court below denied the motion for a protective order on the ground that it was moot. Thereafter, Sirott did not appear for the deposition on July 6, 1964. We were requested but refused to grant supersedeas and

---

[3] Opinion of the court below.

we quashed the appeal upon the ground that the order of June 16, 1964, was interlocutory.[4]

Thereafter, on August 14, 1964, Sirott's motion of June 10, 1964, for a protective order was overruled and leave was granted to Rapoport to enter a default judgment in favor of Rapoport and against Sirott. From the entry of such default judgment Sirott has appealed.

This appeal raises four issues: (1) this default judgment, by way of sanction, should not have been entered because Sirott "never wilfully failed to appear at any properly noticed deposition";[5] (2) until the disposition by the court of Sirott's motion for a protective order, Sirott was not under a duty to appear and the default judgment should not have been entered; (3) Sirott's motion for a protective order should have been granted because the notice to appear for deposition was made in bad faith; (4) if the information sought by way of deposition on July 6, 1964, was expressly limited to the financial status of Sirott, then the order directing the entry of a default judgment for failure to appear for deposition violated the 14th Amendment of the U. S. Constitution.[6]

---

[4] Cf. *Kine v. Forman*, 412 Pa. 163, 194 A. 2d 175.

[5] The authority to direct a sanction under Pa. R. C. P. 4019-(a) (2) against a party arises only where such "party . . ., after notice under Rule 4007, *wilfully* fails to appear before the person who is to take his deposition . . . ." (Emphasis supplied). The court must determine whether the failure of a party to appear is "wilful" before a sanction can be imposed. See generally: 4 Goodrich-Amram, §4019(a) (2).

[6] In this connection, Sirott relies upon *Hovey v. Elliott*, 167 U.S. 409, 17 S. Ct. 841, *Hammond Packing Company v. Arkansas*, 212 U.S. 322, 29 S. Ct. 370 and *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A., v. Rogers*, 357 U.S. 197, 209, 210, 78 S. Ct. 1087. In view of the conclusion reached in this opinion, the resolution of this issue should await the taking of the deposition at which time the exact scope of the deposition will then become evident and its constitutional validity then tested.

The entry of a default judgment by way of sanction for failure of a party to appear for the taking of his deposition is a drastic remedy and should be entered only in the clearest of cases. Unless the failure of a party to appear for the taking of a deposition is wilful, i.e., deliberate and intentional, and his duty to appear is clear and the record clearly and unequivocally reveals such to be the case, a default judgment should not be entered.

While it may well be that Sirott's refusal to appear, at least, in compliance with the direction of the court order of June 16, 1964, was wilful yet the record reveals certain circumstances which may well exculpate Sirott from a finding of wilfulness. He was charged with a criminal offense based upon the same facts as alleged in this action, his presence in Pennsylvania might have subjected him to arrest while extradition proceedings were pending against him, depending upon the scope of examination on the deposition, he might have been subjected to self-incrimination in violation of his constitutional rights and he did, through his pleading, agree, in an attempt to avoid such complications, to an examination by way of written interrogatories or, in the alternative, by deposition in his state of alleged residence. At least, the instant circumstances, including the plethora of motions and other procedural steps, are such that there is grave question of the existence of any wilfulness on Sirott's part in his failure to appear for deposition in this Commonwealth. In our view, Sirott should be given an opportunity to purge himself of the charge of wilfulness and another opportunity to comply with the order of the court below.

To that end we vacate the default judgment and remand the matter to the court below with instructions to that court to immediately direct that Sirott appear

for the taking of his oral deposition[7] at a suitable place in his state of alleged residence, i.e., Nevada, on a certain date and at a certain time and that Sirott pay to counsel for Rapoport *reasonable* counsel fees, costs and expenses[8] involved in the taking of such deposition in Nevada. Upon the failure of Sirott to appear at such deposition in Nevada and/or pay the court-directed counsel fees, costs and expenses, then the court below should direct the entry of a default judgment by way of sanction.

Judgment vacated and the matter remanded to the court below for proceedings consistent with the view expressed in this opinion.

---

[7] Whether or not any questions addressed to Sirott on such deposition involve self-incrimination can be determined upon such deposition. Sirott's counsel can fully protect him in that respect.

[8] Such fees, costs and expenses should be determined by the court below and, upon the fixing thereof, must be paid in advance by Sirott.