234

274 A.2d 424.

ONOFRIO CARROCCIO vs. DR. VINCENT A. DEROBBIO.

MARCH 1, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action for personal injuries arising out of alleged malpractice by a physician is before this court on an appeal from an entry of judgment for the defendant by the Superior Court on January 17, 1970.

It appears from the record that on November 13, 1969,

defendant gave written notice to take plaintiff's deposition, setting forth therein the place where the deposition was to be taken before a notary public on the twenty-second day of December, 1969, at 10 a.m. The copy of the notice in the record indicates that it was mailed to plaintiff on November 13. To this notice plaintiff filed an objection, and that matter was heard before Judge Giannini of the Superior Court. An order was entered on November 21, 1969, among other things, overruling plaintiff's objection to defendant's notice to take oral deposition and directing that plaintiff's deposition should be taken on December 22, 1969, at 10 a.m. in the offices of defendant's counsel. It does not appear from the face of the record that this order was ever entered or in any manner signed by Judge Giannini but was entered by Louis A. Carlone, clerk, whose signature is a facsimile impressed upon the document by a rubber stamp.

On November 24, 1969, plaintiff mailed the order that had been delivered to him signed by the clerk in facsimile to Judge Giannini, noting that the order had not been signed and requesting that the judge sign the order and return it to him in a self-addressed and stamped envelope. Nothing in the record discloses that the court took any action on this request. The plaintiff thereupon claimed an appeal to the Supreme Court from the order entered November 21, in which he had been directed by Judge Giannini to comply with the notice furnished him for the taking of his deposition. A motion to dismiss this appeal was heard before Judge DelSesto of the Superior Court on December 12, 1969, who granted the motion of defendant to dismiss the appeal and further directed compliance "* * * with all Orders that are presently in effect, specifically the Order entered on November 21, 1969" by Judge Giannini, that is, to appear and depose on December 22, 1969.

The plaintiff did not appear to make deposition on December 22, 1969, as directed in the notice mailed to him on November 13. Because of his failure to so appear, defendant moved that judgment enter based on plaintiff's failure to attend and depose. Judgment was entered for defendant by Judge Gallant of the Superior Court on January 17, 1970. Perhaps the fundamental issue that would normally be raised here was whether Judge Gallant abused his discretion in entering judgment by default for failure to attend and depose as directed in the notice served by defendant in November, 1969. There is no question that under Super R. Civ. P. 37(d), where a *party* to an action properly served with notice of an intention to take his deposition fails or refuses to so depose, the trial justice may dismiss the action or proceeding.

In the peculiar circumstanes of this case, however, we are not prepared to pass directly upon the question of whether Judge Gallant abused his discretion in dismissing plaintiff's action in these circumstances. Rather, we are of the opinion that we are confronted with a situation in which a plaintiff appearing pro se has attempted to engage in the difficult task of preparing the pleadings involving discovery by way of oral deposition, a matter which he was obviously without ability to accomplish so as to protect his own rights.

As we see this proceeding, plaintiff as a layman was laboring under the impression that it was necessary for a formal order to be entered by a judge before he was obligated to appear and depose as requested by the opposite party. However, under Super. R. Civ. P. 30(a) the party desiring to obligate any person to depose orally shall give reasonable notice thereof in writing to every other party in the action who is not in default. The notice shall state the time and place for the taking of the deposition and the name and address of each person to be examined. It seems equally clear that if the deposition to be taken is that of a witness who

is not a party to the suit and the movant wishes to insure the presence of the deponent a subpoena must be issued pursuant to Rule 45(d). 1 Kent, *R. I. Civ. Prac.* §30.2.

It is obvious from a study of the concededly confused record that plaintiff was under the impression that such obligation did not vest until a subpoena or some comparable order entered by the court had been served upon him. Before us, he argued that the order of Judge Giannini was a nullity because it bears a rubber stamp facsimile signature of the clerk. The plaintiff claims that there is no authority either by statute or rule of the court which permits the clerk's use of the rubber stamp. Since the order recording his objection to the taking of his deposition is a nullity, he goes one step further and states that the subsequent orders are also invalid.

The plaintiff's attention is directed to Rule 77(f). It says that "Whenever upon a motion calendar a written order is required by the Court, any interested party may file in the Clerk's office an order carrying the same into effect with a certificate that a copy has been mailed to all the other parties." The rule also provides that if no objection is filed thereto within four days, the clerk shall enter the order. If more than one proposed order is filed and no objection is lodged, the order can only be entered by the court.

Here the court did not direct that an order be entered overruling plaintiff's objection to the taking of his deposition. The order about which he now complains is pure surplusage. There is no necessity, therefore, to determine if the clerk may use a facsimile signature when entering orders of the Superior Court.

It is also clear that no justice, after the service of the November 21 order on plaintiff, expressly informed plaintiff that the notice mailed on November 13, 1969, by defendant was a valid notice, sufficient itself to oblige him

as a party to the action to appear and depose, absent some protective order issued to him by a court under Rule 30(b).

There is a line of decisions in which the tendency appears to have been to uphold the discretion of the trial justice, whatever the circumstances. However, in other jurisdictions the decisions indicate a consideration as to whether the failure to appear was willful and intentional and, therefore, indicates that so harsh a punishment as default dismissal should not be applied. In *Rapoport* v. *Sirott,* 418 Pa. 50, 209 A.2d 421, the Pennsylvania court was faced with a default judgment for failure to appear to depose. The statute in Pennsylvania governing the right to enter judgment for default includes the language "wilfully fails to appear." While the case may be different than ours, the court said at 56, 209 A.2d at 424: "The entry of a default judgment by way of sanction for failure of a party to appear for the taking of his deposition is a drastic remedy and should be entered only in the clearest of cases." The view taken by that court was that unless the failure of the party to appear was willful and intentional and his obligation to appear was clear, the court would be inclined not to order a default judgment.

While we have no doubt that it was within the discretion of Judge Gallant to dismiss the action for failure to appear and depose, we feel, upon review of the plaintiff's confusion as to the order's validity, that dismissal is not desirable in justice to the plaintiff. It is obvious that Judge Gallant was insufficiently informed as to the plaintiff's actual reason for not appearing. The plaintiff's failure to attend the deposition was not caused by a willful intent but by a mistaken belief of law. We conclude, then, that the cause should be remanded to the Superior Court with direction that the court set a new date upon which the plaintiff is to appear to make oral deposition.

If, then, the plaintiff, being expressly informed that he is so obligated and that the notice requiring him to so appear was valid, fails to comply by appearing on whatever date the Superior Court sets, this will warrant the Superior Court's entry of judgment of dismissal by default forthwith.

The appeal of the plaintiff here is sustained, the order appealed from is overruled, and this cause is remanded to the Superior Court with direction that the defendant again, if he so desires, supply the plaintiff with notice under Rule 30 of his intention to take the plaintiff's deposition at a fixed time and place, and if the plaintiff thereafter fails to appear at that time and place without a showing of good cause, the Superior Court enter a default judgment forthwith.

*Onofrio Carroccio*, plaintiff, pro se.

*Jordan, Hanson & Curran, A. Lauriston Parks, Kenneth R. Neal*, for defendant.