Pompa, Appellant, *v.* Hojnacki.

Argued April 21, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Ralph Schwartz*, for appellant.

*A. Grant Sprecher* and *Nathaniel D'Amico*, with them *William J. Ryan, James J. McEldrew, Obermayer, Rebmann, Maxwell and Hippel,* and *McEldrew, Hanamirian, McWilliams, Quinn and Bradley,* for appellees.

44

Opinion by Mr. Justice Roberts, October 12, 1971: This appeal raises the question of the admissibility of the "factual statements" contained in an expert's report prepared for purposes of litigation. We hold that the report was inadmissible hearsay, vacate the judgment and remand for a new trial.

Appellant-plaintiff was injured by fragments of glass from a broken beer bottle. He brought suit against the brewer, the distributor, the retail seller and the bottle manufacturer claiming that the bottle exploded because of a defect in its manufacture or distribution. Appellant retained bottle fragments as evidence which appellee's expert, L. G. Ghering, examined prior to trial. Ghering submitted to appellee a written report summarizing his observations and findings. Prior to trial, Ghering died, and appellee again moved to have an expert examine the fragments and prepare a new report. Appellant produced only two small pieces of glass, asserting that the rest had disappeared.

Appellee, Owens-Illinois, moved for sanctions under Rule 4019 of the Pennsylvania Rules of Civil Procedure seeking to have the case dismissed. In an order dated February 20, 1969, the court denied appellee's motion "without prejudice to defendant's right to offer into evidence at time of trial any factual statements from the report of L. G. Ghering." The "factual statements" were admitted at trial over the objection of appellant. Another expert witness testified for appellee on the basis of the report introduced into evidence. Appellee also introduced into evidence the deposition of one Doctor Robert E. King who had taken Pompa's medical history before treatment was administered. Appellant objected on the ground that appellee had not adequately proved that Dr. King was unavailable to testify. The objection was overruled.

A verdict was returned in favor of all defendants. The court en banc dismissed appellant's motion for a

new trial and entered judgment on the verdict. This appeal followed.

Appellees argue that the "factual statements" in Ghering's report were properly introduced into evidence as a sanction imposed on appellant for losing most of the bottle fragments. We cannot agree. Rule 4019 authorizes the court to enter "an appropriate order if . . . (3) a party . . . refuses . . . to obey . . . an order of court made under Rule 4009 to produce any tangible thing for inspection. . . ." Pa. R. C. P. 4019 (a) (3). There was no refusal to obey an order in this case. Appellant responded to the court's order to produce with the evidence he then possessed, the two small fragments of glass. Appellant could do no more. The rest of the glass fragments had disappeared prior to the court's order and were not available for production. It is not argued nor does the record indicate any intentional destruction or negligent mishandling of the bottle fragments in order to avoid obedience to the court's order.

While the imposition of sanctions under Rule 4019 lies largely within the discretion of the court, it is well accepted that sanctions will not be imposed in the absence of some wilful disregard or disobedience of an order of court or an obligation expressly stated in the Rules and invoked by a request of the opposing party. See *Rapoport v. Sirott,* 418 Pa. 50, 56, 209 A. 2d 421, 424 (1965); *Calderaio v. Ross,* 395 Pa. 196, 198-99, 150 A. 2d 110, 111 (1959); 4 Goodrich-Amram, Standard Pennsylvania Practice §4019 at 618-28 (Supp. 1971). See also 4 Moore, Federal Practice §§37.03(2), 37.05 (1970). Appellant responded to the court's order and produced what evidence he then possessed. He could do no more. It is clear, therefore, that no sanctions could be imposed.[1]

---

[1] The court's order, dated February 20, 1969, read as follows: "[d]efendant's, Owens-Illinois, Inc., motion for sanctions for dis-

There remains only the question whether the report was otherwise admissible. There can be no doubt that the report, prepared by Ghering before trial, was hearsay. McCormick, Evidence §225 at 460 (1954). Furthermore, in light of the missing glass fragments, the "factual statements" in this report were offered in lieu of the only direct evidence which could explain the shattering of the bottle. The other evidence consisted of appellant's testimony, hospital records, and medical testimony as to the extent of injury.

Appellee practically concedes that the report is in admissible hearsay. The report cannot qualify as an exception to the hearsay rule under the Business Records Act.[2] Business records must be made "in the regular course of business." This expert's report was specifically prepared for the purposes of the pending litigation which can never be "in the regular course of business." *Palmer v. Hoffman,* 318 U.S. 109, 113, 63 S. Ct. 477, 480 (1943); accord *Neuman v. Pittsburgh Railways Co.,* 392 Pa. 640, 642, 141 A. 2d 581, 582 (1958); cf. *Githens, Rexsamer & Co., Inc. v. Wildstein,* 428 Pa. 201, 204-05, 236 A. 2d 792, 794-95 (1968); McCormick, Evidence §287 at 604 (1954).

Appellee contends that in the absence of the factual statements of the report, appellee's defenses were substantially undermined. Even assuming appellee's contention to be correct, it provides no legal basis for admitting the report, prepared solely for the purposes of litigation. No cross-examination of the author of the report was possible. Furthermore, cross-examination

missal for failure to produce bottle fragments for a re-examination is dismissed, without prejudice to defendant's right to offer into evidence at time of trial any factual statements from the report of L. G. Ghering.". The court . rejected appellee's requested sanction of dismissal, and substituted one of its own, namely the introduction of the factual statements of the expert's report.

2 Act of May 4, 1939, P. L. 42, 28 P.S. §91b.

of the second expert who testified on the basis of the prior report is no substitute. The possible distortions and inaccuracies which may have occurred during Ghering's examination of the original glass fragments would not be disclosed. Nor can the report be admissible on the theory of the best evidence rule. The rule is not intended to justify admission of evidence otherwise inadmissible under other rules of evidence. See McCormick, Evidence §§195-209 (1954). It follows that the testimony of appellee's expert at trial, based on the admission of Ghering's report, was error. We find it unnecessary to reach appellant's other allegations of error.

Accordingly, the judgment is vacated and the record remanded for a new trial.

———————

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I believe that the majority opinion misreads the portion of Rule 4019 of Pennsylvania Rules of Civil Procedure which is here applicable, viz., paragraph (a)(3). That paragraph permits "an appropriate order" if the party "refuses . . . to obey" an order to produce any tangible thing for inspection. In contradistinction to paragraph (a)(2), dealing with failure of a party to appear for a deposition, paragraph (a)(3) does not require the failure to be "willful". The cases relied on by the Court (*Rapoport v. Sirott,* 418 Pa. 50, 209 A. 2d 421 (1965), and *Calderaio v. Ross,* 395 Pa. 196, 150 A. 2d 110 (1959)) are inapposite, concerned as they are only with the deposition situation.

In the case at bar, appellees' expert Ghering (who died before he could testify at trial), inspected and analyzed 104 pieces of glass from the broken bottle and submitted a report of findings to appellees. The glass pieces were then returned to the possession of appellant who subsequently lost all but two small fragments.

Since appellant could not comply with appellees' motion to produce the broken bottle pieces for inspection by its second expert, appellee Owens Illinois Glass Co., Inc., moved that the case be dismissed as to it. The pretrial judge refused this drastic relief, but "without prejudice to defendant's right to offer into evidence . . . any factual statements from the [Gehring] report. . . ." The trial judge followed this order and allowed fact statements from the report to be introduced.

Even though appellant's inability to produce the missing pieces in compliance with the court's order could not be considered willful, I believe that paragraph (a)(3) of Pa. R. C. P. 4019 does not preclude the court making an "appropriate order". The question is, therefore, whether the order allowing into evidence "factual statements" (as distinguished from opinion statements) taken from the deceased expert's report, was "appropriate" under the circumstances.

In my view, this was a fair and reasonable exercise of discretion on the part of the trial court. That some of the facts in the report may have been hearsay did not render them automatically and under any circumstances inadmissible. They were subject to refutation by appellant if he deemed them untrue or inaccurate, and appellees' second expert, giving his opinion on the basis of the factual statements, was fully subject to cross-examination and refutation. This somewhat makeshift evidence may have been entitled to less weight than had the original expert not died, but weight was a matter for the jury. The court's order, in my view, was a fair and equitable solution to a unique problem of proof, well within its discretion and the letter and intent of our Rule. I would affirm the order refusing a new trial.

Mr. Justice JONES joins in this dissenting opinion.