## Epstein v. Safeway Trails, Inc.

*Allen Feingold*, for plaintiffs.

*John F. Naulty*, for defendants.

HARRIS, J., December 16, 1974.—Plaintiffs instituted an action in trespass by complaint filed on August 2, 1974. Defendants filed interrogatories on August 9, 1974. Thereafter, defendants filed objections to plaintiffs' interrogatories on August 28, 1974. Plaintiffs filed interrogatories and objections to defendants' interrogatories on September 3, 1974. Both defendants and plaintiffs, on September 23, 1974, filed countermotions to dismiss objections to interrogatories and motions for sanctions.

While both plaintiffs and the defendants request sanctions for failing to answer interrogatories, neither one in their brief sets forth facts upon which the court can conclude that such failure of either party was willful. It is clear that the imposition of sanctions under Pennsylvania Rules of Civil Procedure 4019 lies largely within the discretion of the court. However, sanctions will not be imposed in the absence of a showing of a willful failure to respond or bad faith response to interrogatories: Pompa v. Hojnacki, 445 Pa. 42 (1971); Carter v. First Penna. Banking and Trust Co. 47 D. & C. 2d 473 (1969).

Turning now to the objections to interrogatories filed by plaintiffs and defendants, respectively. While both plaintiffs and defendants in their objections allege that a particular interrogatory violates a named section of Rule 4011 of the Pennsylvania Rules of Civil Procedure, there are no factual allegations stated either in the objections or in the memoranda of law filed by the parties upon which the court could make

this determination. It is clear that the manner in which each interrogatory is violative of Rule 4011 must be clearly set forth so that the court may understand the nature of the objection: Eversole v. Dinulos, 13 Lebanon 4 (1970); Frank v. Bartschi, 16 Chester 323 (1968).

In accordance with the above, it is hereby ordered that both plaintiffs' and defendants' motions for sanctions, as well as their respective objections to interrogatories, are hereby dismissed and that both plaintiffs and defendants are hereby ordered to answer interrogatories within 45 days of this order.