## Havey v. Brobeck

*John A. Havey,* plaintiff, p.p.
*Rex Downie, Jr.,* for defendants.

SALMON, *J.,* March 3, 1975—We have before us plaintiff's motion for sanctions pursuant to Pa. R.C.P. 4019(a). Plaintiff filed separate written interrogatories directed to each defendant, the same being identical and numbering, in each instance, 69 interrogatories. Defendants filed a single set of

written answers in which they responded to interrogatories nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 14, 19, 20, 21, 22, 23, 24, 25, 26, 46, 47, 57, 58, 59, 60, 62 and 68. Defendants replied to the remaining interrogatories by objecting to them for various reasons. Plaintiff now seeks sanctions for failure to answer said remaining interrogatories and also because plaintiff deems the objection to certain interrogatories improper and deems certain answers incomplete. Plaintiff concludes that such failures to answer in whole or in part constitute a willful disregard of the Rules of Civil Procedure. On this basis, he demands sanctions pursuant to Pa. R.C.P. 4019(a).

Plaintiff argues that defendants' failure to object to his interrogatories under Pa. R.C.P. 4005(b) constitutes waiver of any defects therein. Said rule provides:

"Within ten (10) days after service of interrogatories a party *may* file and serve written objections thereto. Answers to interrogatories to which objections are made shall be deferred until the objections are decided." (Emphasis supplied.)

This is a complaint in trespass involving a claim for punitive damages based on an alleged assault and alleged unintentional torts arising out of the manner in which repairs were performed on plaintiff's automobile by defendants. Plaintiff contends wanton misconduct with respect to some of the latter.

We do not agree with plaintiff's interpretation of the rule. The identical issue was raised in Rush v. Butler Fair and Agricultural Assn. (No. 3), 17 D. & C. 2d 250, 254 (1958). The court there held:

"[T]he mere failure to file objections under rule 4005(b) does not constitute a waiver to raise ques-

tions of relevancy, substantial aid and the like, in the answers to the interrogatories themselves."

In Rush, the court referred to Goodrich-Amram 80, for the proposition that if a party fails to raise objections to interrogatories under Rule 4004(b), he may, nevertheless, effect the same result by refusing to answer the offending questions. If at this point he is ordered to answer and fails to do so, he risks a contempt order under Rule 4019. Thus, in Frank v. Bartschi, 16 Chester 323 (1968), it was held that an adversary may decline to answer interrogatories and assert his reasons if the inquiring party institutes sanction proceedings. And in the more recent case of Sperath v. Thomas, 48 D. & C. 2d 309 (1969), the court stated:

"A careful reading of all of the various rules relating to discovery leads us to the conclusion that there is no mandate that defendants must file such objections, but rather that they *may* do so and that their failure to object under Pa. R.C.P. 4005(b) does not constitute a waiver." (Emphasis supplied.)

Plaintiff cites Brown v. Metz, 48 D. & C. 2d 711 (1970), to support his contention that interrogatories not objected to are waived. We do not so read this case, for on page 716 the court refers with approval to the aforementioned proposition from Goodrich-Amram and adds: "It is clear that there can be no sanctions then, unless failure is willful." Whether failure to answer is "willful" is determined by bringing both parties and the answers before the motions judge. At that time it is the duty of the parties who have failed to answer to explain their inaction. If the court feels that the reason is inadequate and willful, sanctions may be imposed. See Brown v. Metz, supra, p. 716.

Calderaio v. Ross, 395 Pa. 196, 150 A. 2d 110 (1959), provides an example where willful failure made sanctions appropriate. There, defendant served plaintiff with interrogatories in October 1955. Despite frequent requests for answers, defendant was not served with them until May 1956, seven days before trial. Upon defendant's objection, the case was continued in order that plaintiff might make a sufficient answer to the interrogatories. In October 1956, the case again came up for trial, but again plaintiff's answers were found inadequate and he was admonished to make adequate reply. Plaintiff submitted answers again in January 1957, two days before trial, and they were found inadequate. At this juncture, defendant moved under Pa. R.C.P. 4019 for sanctions and was granted non pros. Our Supreme Court affirmed.

Plaintiff also cites Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 259 A.2d 451 (1969), in support of his motion for sanction. In Nissley, plaintiff agreed at a pretrial conference to answer defendant's interrogatory requesting the names of any physicians plaintiff had contacted concerning her theory on the effects of an accident. Five days before a jury was sworn, plaintiff took refuge behind Rule 4011(d) and refused to answer. Defendant's subsequent motions to compel an answer or grant a continuance were denied. Subsequently, plaintiff's expert medical witness was permitted to testify at trial despite defendant's objections. Our Supreme Court reversed the trial court and held plaintiff's failure to object to defendant's interrogatory under Rule 4005(b) was critical "under the facts of this case."

We find Nissley inapposite to our situation. There are no compelling reasons, as in that case,

to hold respondents have waived their right to object by failing to utilize Rule 4005(b). In our case, there appear to be substantial reasons why respondent should not be required to answer certain of the interrogatories. The court in Rush, supra, states that failure to object under Rule 4005(b) does not prevent an objection on grounds cited in Rule 4011: annoyance, embarrassment, expense or oppression, or unreasonable investigation of a party, nor does it preclude an objection on grounds of relevance.

We note that plaintiff has submitted 69 interrogatories to each of the respondents. When various subparts are considered, the number of questions to each respondent total 105 by our count. In light of the matters before our court, a number of these interrogatories are of highly questionable relevance. We note an observation made by the court in Nester v. Elicker, 92 Montg. 57, 58 (1969), under similar circumstances: "(T)he court should not be a pleadings-smelter into which tons of low grade ore are dumped in the fond hope that a few grains of gold will be uncovered."

We hold that respondents' failure to answer plaintiff's interrogatories was not "willful" and not for "inadequate reason" as those terms are used in Brown and Calderaio, supra. Therefore, under the facts of this case, objections by way of answer will suffice, and no sanctions are appropriate.

We turn now to the interrogatories. Plaintiff's interrogatory no. 69 seeks to elicit the total financial worth of both respondents. In support of this question, plaintiff cites Judson v. Tracey, 25 D. & C. 2d 97 (1961), which held that where the pleadings aver malicious tortious conduct and claim punitive damages, defendant's financial

circumstances are relevant to enable the jury to pass upon the question of punitive damages. As authority, Judson cites Hughes v. Babcock, 349 Pa. 475, 37 A. 2d 551 (1944), and Thompson v. Swank, 317 Pa. 158, 176 Atl. 211 (1934). Our reading of both these cases reveals no such support for this proposition. The subsequent lower court case of Shor v. Redden, 33 D. & C. 2d 179 (1964), permitted written interrogatories as to defendant's financial worth where punitive damages were sought on grounds of criminal conversation. But Shor merely cited Judson as authority.

We are aware that other jurisdictions have allowed discovery in situations similar to this, 27 A.L.R. 3d 1377. See Coy v. Superior Court of Contra Costa County, 58 Cal. 2d 210, 373 P. 2d 475 (1962), but also see Wilson v. Onondaga Radio Broadcasting Corp., 23 N.Y.S. 2d 654 supp., 175 Misc. 389 (1940) contra. Yet, we can find no authority for this proposition from our appellate courts in Pennsylvania. We do, however, find some guidance as to the imposition of punitive damages in Thompson v. Swank, 317 Pa. 158, 160 (1934):

"There is no general rule on the subject of exemplary or punitive damages. The amount must not be excessive nor indicate bias or feeling; *it must not be grossly disproportionate to the real damages inflicted.*" (Emphasis supplied.)

With this rule as our guide, we turn to the question at hand. To reveal defendants' assets in a case such as this would invite the possibility of excess and bias. It also invites imposition of a verdict grossly disproportionate to the real damage. In a case such as this, where a bare assault is alleged, forcing a defendant to reveal his financial worth at this stage runs contrary to the protective limits of Pa. R.C.P. 4011 by leaving respondents open to

unreasonable annoyance, embarrassment, expense or oppression. As the court in McDonald v. Gross, 47 D. & C. 2d 68, 71 (1969), pointed out, plaintiff is not unprotected should he win a verdict. Rule 3117 gives discovery in aid of execution and gives plaintiff the right any time after judgment to take testimony of any person including defendant for uncovering defendant's assets.

## ORDER

And now, March 3, 1975, for the reasons stated in the foregoing opinion, it is ordered that respondents may not be compelled to answer plaintiff's interrogatories nos. 9, 11, 13, 15, 16, 17, 18, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 48, 49, 50, 51, 52, 53, 56, 61, 63, 64, 65, 67 and 69, and defendants' objections to said interrogatories are hereby sustained. It is further ordered that defendants shall, within 20 days of this date, answer the following interrogatories: Nos. 42, 43, 54, 55 and 66.