### Cascardo v. Markey

*A. L. Feingold,* for plaintiff.

*Henry I. Jacobson,* for defendants.

LEDERER, J., October 1, 1975—Defendants move for judgment of non pros against plaintiff pursuant to Pa. R. C. P. 4019. The sole basis of defendants' motion is that plaintiff willfully failed to appear for depositions after order to do so by Judge Hirsh on April 1, 1975.

Plaintiff's attorney, in answer to the above motion, contends that since plaintiff could not be found within the 30-days period ordered by the court, he had no knowledge of said order. On this basis, plaintiff contends that the failure to appear was not willful.

The facts relevant to this motion may be summarized as follows:

On June 26, 1974, notice to take oral depositions was filed by defendants on plaintiff's attorney. On November 29, 1974, notice to take oral depositions of plaintiff was filed. Plaintiff never appeared to have the deposition taken. On March 21, 1975, defendants filed a motion for sanctions to have plaintiff's deposition taken. On April 1, 1975, Judge Hirsh ordered plaintiff to appear within 30 days of said order or suffer a judgment on non pros. Notice was thereafter sent to plaintiff by defendants' attorney on April 8, 1975, certified mail no. 857989, informing plaintiff that depositions were scheduled to take place in defendants' attorney's office on May 4, 1975. Plaintiff again failed to appear. As a result of plaintiff's last failure to appear, defendants filed the present motion.

The question before the court is whether, on the basis of the above-recited facts, it can determine whether plaintiff's failure to appear was willful.

In Rapoport v. Sirott, 418 Pa. 50 (1965), it was held that "Unless the failure of a party to appear for the taking of a deposition is willful . . . and his duty to

appear is clear and on the record and unequivocally reveals such to be the case, a default judgment should not be entered.": 418 Pa. at page 56. See also Rule 4019 Pa. R. C. P.

It is clear that on the basis of the record now before the court, plaintiff did have a duty to appear to have his deposition taken. However, on the basis of the present record, the court cannot determine whether or not the failure to appear was willful. To answer the question of whether a party willfully fails to appear, this court is bound to take a case by case approach in coming to a final determination. See, for example, Rapoport v. Sirott, supra, and Lapp v. Titus, 224 Pa. Superior Ct. 150 (1973). Since this motion is made on the basis of Judge Hirsh's order of April 1, 1975, and since there are no other facts to show that plaintiff, in fact, knew of that order, this court holds that the judgment of non pros cannot be entered.

Furthermore, this court is not totally satisfied with plaintiff's answer to the above motion. Plaintiff's attorney should have submitted an affidavit to this court, outlining his efforts in attempting to locate plaintiff. (An order will be entered below accordingly.) Second, because this court cannot determine the question of the willfulness of plaintiff's failure to appear, it does not intend its decision to be understood' as permitting this litigation to proceed ad infinitum without plaintiff revealing his whereabouts. Permitting this litigation to go on in such a manner would cause substantial injustice to defendants. Hence, the order below must be strictly adhered to in order that this litigation proceed in an orderly manner.

ORDER

And now, to wit, October 1, 1975, it is hereby ordered:

1. Defendants' motion for non pros is denied;

2. Plaintiff's attorney must submit an affidavit to this court within ten days of this order outlining his efforts in attempting to locate plaintiff within the 30-

days period in which Judge Hirsh's order was effective; or, in the event that plaintiff's whereabouts are and continue to be unknown, an affidavit to that effect.

3. If plaintiff's whereabouts are presently known, it is further ordered that he appear for oral depositions within 30 days of the filing of this opinion at the office of defendants' attorney at a mutually convenient time;

4. Subsequent to plaintiff's attorney's filing of the affidavit as outlined in paragraph 2, should plaintiff's whereabouts continue to be unknown, this case is to be relisted before this court for final disposition.