## Kim v. Shim

*Raymond J. Quaglia*, for plaintiffs.
*Howard M. Girsh*, for defendants.

HIRSH, *J.*, August 15, 1977—Plaintiffs instituted this suit by filing a praecipe for a writ of summons in trespass on August 24, 1972. The cause of action allegedly arose from an automobile collision which occurred on September 4, 1970. Service of the summons was not perfected, and the writ was subsequently twice reissued, on July 26, 1974, and March 18, 1976. Defendants, Larry's Gulf Station (Larry's) and U-Haul Company of Pennsylvania (U-Haul), were ultimately served by summons on March 23, 1976, and March 25, 1976, respectively. On April 8, 1976, a praecipe for rule to file complaint in trespass was filed. In addition, a set of interrogatories was propounded upon plaintiffs on April 8, 1976. Said interrogatories were correctly designated with the usual "notice to plead" instruction, pursuant to Pa.R.C.P. 4005, 4006. Subsequently, plaintiffs filed their complaint in trespass on May 5, 1976 (almost six years after the alleged cause of action took place), and defendants, Larry's, U-Haul, and Ward, filed an answer and new matter on June 10, 1976.

Since defendants' interrogatories had not been answered or otherwise objected to, defendants' counsel notified plaintiffs' counsel, by letter dated June 29, 1976, of his intention to file on July 9, 1976, a rule for interlocutory order under Local Rule of

Civil Procedure 4005*(d). This rule had recently been promulgated, May 1977, as Philadelphia Local Rule 145. Said rule permits the prothonotary to enter upon motion of a party, an interlocutory order against a party who has not timely responded to interrogatories. The interlocutory order directs the party to answer the outstanding interrogatories within 30 days or suffer imposition of sanctions; sanctions in the case of a non-responding plaintiff being a judgment of non pros. The interlocutory order in this case was entered against plaintiffs on July 12, 1976 (96 days after the interrogatories had been served). On August 24, 1976, the interrogatories remained unanswered and defendants, pursuant to the local rule, filed a supplemental praecipe to enter the interlocutory order as final, which resulted in the judgment of non pros. Plaintiffs on November 9, 1976, filed a petition to open the judgment. On November 17, 1976, a rule was entered on defendants to show cause why the judgment should not be opened and plaintiffs be allowed 30 days to file their answers to the interrogatories. An answer to the petition to open has been filed, and in support of their respective positions, both parties have submitted memoranda of law, and defense and plaintiffs' counsel have been deposed, all of which are now before this court.

It is well settled that a judgment of non pros may be entered against a plaintiff who fails to answer interrogatories propounded by a defendant. See: St. Vladimir Ortho. Church v. Pref. Risk Mut. Ins. Co., 239 Pa. Superior Ct. 492, 362 A. 2d 1052 (1976); Boyles v. Sullivan, 230 Pa. Superior Ct. 453, 326 A. 2d 440 (1974); Matyas v. Albert Einstein Medical Center, 225 Pa. Superior Ct. 230, 310 A. 2d 301 (1973). Further, judgments of non pros have been

entered upon plaintiffs who filed what were considered inadequate answers to interrogatories: Calderaio v. Ross, 395 Pa. 196, 150 A. 2d 110 (1959); Witlinsky v. J. C. Penney Co., 45 Wash. Co. 112 (Com. Pl. 1965).

As stated in Spilove v. Cross Transportation, 223 Pa. Superior Ct. 143, 145, 297 A. 2d 155 (1972):

"It is axiomatic that a petition to open a default judgment is a matter of judicial discretion, an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to go forward with the action can be satisfactorily excused or explained. Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971); Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970)."

However, no meritorious defense need be set forth to open a default judgment in a trespass action: Zellman v. Fickensher, 452 Pa. 596, 307 A. 2d 837 (1973); Kraynick v. Hertz, supra; Beam v. Carletti, 229 Pa. Superior Ct. 168, 323 A. 2d 180 (1974); Kilgallen v. Kutna, 226 Pa. Superior Ct. 323, 310 A. 2d 396 (1973).

This court recognizes that this is not a petition by a defendant to open a default judgment; nevertheless, these same criteria have consistently been applied by our courts when hearing plaintiffs' petitions to open judgments of non pros, e.g., St. Vladimir, Boyles, and Matyas, supra. This is an action in trespass and, therefore, only requires that the first and third criteria (i.e., whether the petition was promptly filed, and whether the failure to go forward or answer was satisfactorily explained) need be considered.

There is correspondence between counsel in this case which indicates that extensions of time to answer were requested. For instance, in a letter dated July 22, 1976, plaintiffs' counsel requested an additional 30 days in which to answer; subsequently, in a letter dated July 30, 1976, plaintiffs' counsel requested that the extension be extended until the end of September, 1976. The record does not disclose that plaintiffs' attorney ever attempted to obtain a written stipulation that the extension be granted or that defendants' attorney ever assented to these requests. Plaintiffs' counsel in his petition to open refers to the extension as a clear understanding between counsel and in averment eight of the petition states: "That petitioner has scheduled an appointment with plaintiffs to prepare formal answers to the interrogatories filed of record, and will supply said answers by September 30, 1976, in accord with the original agreement between the attorneys." The answers were in fact not supplied until November 23, 1976, at the earliest. In a letter from defendants' counsel to plaintiffs' counsel dated September 10, 1976, plaintiffs were in effect given 30 additional days to supply the answers, i.e., until October 10, 1976. Plaintiffs failed to comply, and in a letter dated October 12, 1976, defendants' counsel indicated this failure and suggested that plaintiffs file their petition to open judgment. As previously noted, this petition was not filed until November 9, 1976.

It is particularly important to note the dilatory manner in which plaintiffs have conducted the proceedings to date. Plaintiffs have not satisfied the criteria in order to invoke the court's power sitting as a chancellor in equity. It is now almost

seven years from the date of the accident, and if plaintiffs' motion were granted, the case would merely be in the preliminary discovery stage. It can hardly be alleged that defendants would not be prejudiced by this delay. Plaintiffs' counsel's excuse for failing to answer seems to be grounded in a lack of cooperation from his clients and an alleged language barrier between himself and his clients. It is noted for the record that plaintiffs in this case are Korean, and at least one of the plaintiffs is a doctor. There should have been no problem in obtaining interpretation if it was necessary. In addition, defendants should not be required to sit idly by and indulge the whims of uncooperative plaintiffs who do not abide by the rules of civil procedure.

This is not a case where defendants took a "snap judgment." See, e.g., Kraynick v. Hertz, supra. On the contrary, defendants waited almost 11 weeks after the answers were required before filing their interlocutory order under Rule 4005*(d). This order gave plaintiffs 30 days in which to supply their answers. Defendants still waited 43 days (until August 24, 1976) before filing to make final the order for sanctions, and again, by letter of September 10, 1976, defendants offered 30 more days to plaintiffs in which to answer the interrogatories. Plaintiffs have not persuaded this court that their failure to answer the interrogatories should be excused.

In view of the foregoing facts, rules of civil procedure, and applicable authorities, it is accordingly hereby ordered and decreed that plaintiffs' petition to open judgment is denied.