**Fox v. Gabler**

*Charles Weiss*, for plaintiff.
*Michael Yanoff*, for defendant.

DAVENPORT, *J.*, May 12, 1983—This case is the second appeal by defendant, Frank K. Gabler, from a default judgment entered against him for failure to sufficiently answer plaintiff's interrogatories and to produce documents.

Plaintiff, William J. Fox, filed his complaint in equity nearly nine years ago seeking, inter alia, an accounting from defendant for an alleged oral partner-

ship in a restaurant-taproom. Defendant has operated the business since 1964 and has denied any such partnership.

The procedural history of this case is rather exhaustive and includes a prior appeal by defendant to the Supreior Court.[1] In the court's decision of October 24, 1980.[2] the default judgment previously entered against defendant was stricken and the case remanded to this court. The Superior Court held that a default judgment must be entered by the court on a motion of a party, not by the prothonotary which was the fatal flaw in the judgment.

Prior to the Superior Court's decision, plaintiff filed on February 23, 1979 a motion for sanctions alleging defendant's failure to comply with this court's order of May 18, 1978 that he produce certain documents.[3] By order of May 10, 1979, plaintiff's motion was refused by the undersigned but the order also admonished the parties' counsel to resolve discovery, stop the procedural skirmishes, and bring the case to a determination on the merits.

On June 18, 1982 when the requested documents were not produced nor supplemental answers to plaintiff's interrogatories filed, plaintiff filed another motion for sanctions. Oral argument thereon was heard before the undersigned on November 10, 1982. By order of January 12, 1983, plaintiff's motion for sanctions was granted, and sanctions in the

---

1. The procedural history and facts of this case are further set forth in this court's opinion dated December 28, 1978 in support of its order refusing to open and/or strike the default judgment previously entered against defendant.

2. Fox v. Gabler, 272 Pa. Super. 490, 423 A.2d 351 (1980).

3. Defendant had claimed his privilege against self-incrimination and further averred that the requested documents were in the possession of his tax accountant.

form of a default judgment was entered in favor of plaintiff, William J. Fox, against defendant. Defendant has appealed said order thus necessitating this opinion.

## ISSUE

Did the court err in entering a default judgment against defendant for failure to comply with plaintiff's discovery requests and the sanction orders of the court?

## DISCUSSION

Pa.R.C.P. 4019 (a)(1)(viii) provides that a court may impose sanctions if a party fails to make discovery or to obey an order of court respecting discovery. Rule 4019 (c)(3) expressly states that entry of a default judgment may be an appropriate form of relief. See: Verbalis v. Verbalis, 287 Pa. Super 619, 428 A.2d 647 (1981).

This court issued specific orders directing defendant to answer plaintiff's interrogatories and to comply with plaintiff's interrogatories and to comply with plaintiff's request for production documents. Defendant has not complied with court's sanction orders nor its directives.

The court is well aware that a default judgment is a severe penalty and one which should not be lightly entered. See: Spilove v. Cross Transportation, Inc., 223 Pa. Super 143, 397 A.2d 155 (1972). However, in this case, the court cannot find either in the record or in defendant's conduct any evidence of good faith compliance with the court's orders.

Notably, the court extended to defendant every courtesy and opportunity to comply with plaintiff's discovery requests when by order of May 10, 1979 the court refused plaintiff's motion for sanctions.

Plaintiff's motion was filed as a result of defendant's failure to comply with the court's order of May 18, 1978 which was amended June 1, 1978 to allow defendant an additional 30 days to comply. As of May 10, 1979 when the court refused to enter sanctions against defendant, no supplemental answers to interrogatories had been filed nor the requested documents produced nearly a year later. Furthermore, defendant has failed to comply with said orders even as of this date in 1983.

Given the protracted and dilatory nature of this litigation, the court finds defendant's current position that the requested documents do not exist and that he has adequately answered interrogatories totally untenable. Indeed, there is no reason why it should take defendant over six years to discover that the documents requested by plaintiff do not exist. Furthermore, defendant initially contended that plaintiff did not have a right to review the documents because they were subject to his privilege against self-incrimination. Defendant's purported answers are merely arguments as to why he should not comply which have been previously advanced. However, his latest contention that the requested documents do not exist or cannot be found is totally novel and incredulous.

Although Rule 4019 no longer requires that the refusal to comply be wilful such conduct by the disobedient party is a factor to be considered in determining the propriety of a default judgment as a sanction. Given the time in which defendant had to comply and his failure to offer any adequate excuse for non-compliance, it is difficult for the court to find that the refusal to comply was anything other than wilful. For this reason, and more, the imposition of a default judgment was warranted. See:

Verbalis v. Verbalis, supra; Rapoport v. Sirott, 418 Pa. 50, 209 A.2d 421 (1965).

In conclusion, defendant's conduct manifests nothing less than a flagrant disregard and abuse of court orders and directives. Therefore, the court reiterates that "defendant has played a stalling game which he lost. The default judgment here is the penalty which he must now pay." Such penalty is an adequate and proper sanction for defendant who has thwarted the discovery process at each and every stage.

For all the foregoing reasons, the court's order of January 12, 1983 was a proper exercise of judicial discretion.