# Mosteller v. Bond

*John W. Ashley,* for plaintiff.

*George W. Westervelt,* for defendant Cerro Wire and Cable Co.

*William G. Ross,* for defendant Bond.

WILLIAMS, *S.J.,* March 22, 1985—Plaintiffs have brought suit against defendants, alleging that a fire, which damaged their residence, was caused by a defective wire cable manufactured by defendant. Plaintiffs gave a sample of the cable to an expert for an opinion as to whether the cable was defective. The expert, Dr. Paul Kicska, gave a written report of his examination in which he concluded that the cable was defective. Dr. Kicska took photographs in color of the sample. In response to a request to produce documents under Pa.R.C.P. 4009, a copy of Dr. Kicska's report and photographs were given to defendants. Defendants also made a request to produce tangible evidence, to wit, the cable sample. This plaintiffs were unable to do since the sample had disappeared while under the control of Dr. Kicska. Plaintiffs have not refused to produce the cable sample, they are unable to do so because of its disappearance. It does not appear that the

sample was deliberately destroyed or the disappearance is due to the neglect of plaintiffs.

Defendants have moved for sanctions under Pa.R.C.P. 4019, asking the court to bar Dr. Kicska from testifying at trial.

## DISCUSSION

While under Pa.R.C.P. 4019(a) the sanction sought is permissible, we must decide if it is appropriate under the circumstances here present. A somewhat similar situation was present in the case of Pompa v. Hojnack, 445 Pa. 42, 281 A.2d 886 (1971). In that case, plaintiff brought suit to recover damages sustained due to the explosion of a beer bottle. Plaintiff sued the brewer, distributor and manufacturer of the bottle.

Plaintiff, in response to a request, produced 102 broken pieces of glass. A defense expert examined the glass and made a report. Prior to trial, defendant's expert died. Defendant made a second request of plaintiff to produce the fragments of glass. They were only able to produce two small pieces of glass; the others had disappeared.

The Owens-Illinois Glass Company filed a motion under Pa.R.C.P. 4019, asking the court to dismiss the case. The trial judge denied the request, but imposed the sanction that the factual portions of the deceased expert be admitted at trial. The verdict was rendered in favor of all defendants and plaintiff appealed. The Supreme Court sustained the appeal, holding that the sanction imposed was improper in that it permitted hearsay evidence to be admitted at trial. We believe that the following language in the court's opinion is dispositive of the issue before us:

"Appellees argue that the 'factual statements' in Ghering's report were properly introduced into evidence as a sanction imposed on appellant for losing

most of the bottle fragments. We cannot agree. Rule 4019 authorizes the court to enter 'an appropriate order if . . . (3) a party . . . refuses . . . to obey . . .an order of court made under Rule 4009 to produce any tangible thing for inspection. . .' Pa.R.C.P. 4019(a)(3). There was no refusal to obey an order in this case. Appellant responded to the court's order to produce with the evidence he then possessed, the two small fragments of glass. Appellant could do no more. The rest of the glass fragments had disappeared prior to the court's order and were not available for production. It is not argued nor does the record indicate any intentional destruction or negligent mishandling of the bottle fragments in order to avoid obedience to the court's order.

"While the imposition of sanctions under Rule 4019 lies largely within the discretion of the court, it is well accepted that sanctions will not be imposed in the absence of some wilful disregard or disobedience of an order of court or an obligation expressly stated in the Rules and invoked by a request of the opposing party. See Rapoport v. Sirott, 418 Pa. 50, 56, 209 A.2d 421, 424 (1965); Calderaio v. Ross, 395 Pa. 196, 198-99, 150 A.2d 110, 111 (1959); 4 Goodrich-Amram, Standard Pennsylvania Practice §4019 at 618-28 (Supp. 1971). See also 4 Moore, Federal Practice §§37.03(2), 37.05 (1970). Appellant responded to the court's order and produced what evidence he then possessed. He could do no more. It is clear, therefore, that no sanctions could be imposed."

While there are some variations in circumstances in Pompa and the present case, essentially they are the same. In both cases the party against whom sanctions were sought responded to the extent of his or its capability. In both cases the tangible evidence was lost or misplaced. In both cases there is

no evidence of deliberate refusal to produce tangible evidence. In both cases there is no evidence of intentional destruction or negligent mishandling of the fragments of broken glass or the cable samples. In our opinion Pompa clearly holds that under such circumstances, sanctions are not proper.

## ORDER

And now, March 22, 1985, motion for sanctions is denied.