## Spilove *v.* Cross Transportation, Inc. et al., Appellants.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John T. Quinn,* with him *McEldrew, Hanamirian, Quinn, Bradley & D'Amico,* for appellants.

*David Levenberg,* with him *Martin Kreithen* and *Kreithen & Fine,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

Appellants contend that the lower court abused its discretion in refusing to open a default judgment entered against them in a trespass action instituted by appellees. The suit arose out of a collision which occurred on March 23, 1970 involving a tractor trailer owned by appellant Cross Transportation Co. and driven by appellant Brooks and an automobile owned and operated by appellee Spilove.[1]

Suit was instituted on October 6, 1970 by complaint served upon appellants. Counsel for appellants' insurance carrier entered an appearance for appellants on November 11. On November 13, plaintiff's interrogatories were served upon appellants with a demand for answers within 20 days in accordance with Rule 4006, Pa. Rule of Civil Procedure. Appellants failed to comply with the demand and answers were never filed. On January 14, March 20, and April 2, 1971 letters were sent by appellee's counsel to appellant's counsel requesting that answers be filed promptly. On April 18, another letter was sent in which counsel stated his intention to move for sanctions should answers not be forthcoming.[2] A copy of the motion was included in the letter.

---

[1] Appellee has filed a demand in a major case petition for $150,-000. in damages. Appellant contends that such a large demand compels the opening of the default judgment, citing *Hutton v. Fisher*, 359 F. 2d 913 (3d Cir. 1966). However, in *Hutton*, there was a verdict and an *assessment* of $195,000. in damages. In the instant case, there is only a demand for damages so that the assessment of actual damages remains to be tried. Moreover, in *Hutton*, the equities were clearly on the side of the petitioning party in that the default judgment was entered after an agreement was made between counsel extending the time for an answer to the complaint. Thus, the basis of the decision to open the judgment was that the petitioning party had acted in justifiable reliance upon the agreement.

[2] During this period, numerous phone calls were made by appellee's counsel to appellant's counsel requesting answers. On at

On May 10, 1971, having received no reply to the above requests, the motion for sanctions was filed. On the following day, an Order was signed by Judge HIRSH and served upon appellant's counsel, notifying appellant to answer within twenty days or suffer a judgment by default. On May 14 and May 28, appellee contacted appellant's counsel by phone requesting answers. On June 1, appellee sent a final letter warning of its intention to take a default judgment. Receiving no reply, appellee carried out their intention, and on June 9, in accordance with the May 11th Order, judgment by default was entered in favor of appellee.

On September 18, appellants filed a petition to open the judgment which was subsequently denied. The denial was vacated in order to allow appellant to take depositions in support of the petition. The depositions were considered by Judge HIRSH and his original denial was reinstated on May 24, 1972. This appeal followed.

Appellant contends that all three requirements for the opening of the judgment were met, and that, therefore, the lower court abused its discretion in denying the petition to open. The lower court was of the opinion that appellant did not satisfy these requirements and refused to open the judgment.

It is axiomatic that a petition to open a default judgment is a matter of judicial discretion, an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown;[3] (3) the failure to go forward with the action

least one occasion, appellant's counsel gave assurances that answers would be forthcoming.

[3] In a trespass action, a meritorious defense need not in all cases be shown to exist when the equities are otherwise clear. *Kraynick v. Hertz*, supra. Appellant's defense was based upon contribu-

can be satisfactorily excused or explained. *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971) ; *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970).

The lower court found that appellant failed to satisfactorily excuse its failure to answer the interrogatories,[4] and, therefore, denied the petition to open. This determination cannot be reversed unless it represents a clear, manifest abuse of discretion. *Criscuolo v. Moore Farms, Inc.*, 222 Pa. Superior Ct. 323, 294 A. 2d 895 (1972) ; *Walters v. Harleysville Mut. Cas. Co.*, 417 Pa. 438, 207 A. 2d 852 (1965).

Appellant argues that an adequate excuse for its failure to answer is presented in this case because two files were opened for this suit in the insurance carrier's law department, both of which were mislaid, thus preventing counsel from being aware of the progress of the action.

The lower court found this excuse to be unsatisfactory, and that finding is adequately supported by the facts of this case. Appellant had over seven months to answer, during which repeated requests were made for answers.[5] While the mislaying of one or two letters

---

tory negligence of appellee. The depositions in support of this defense do not present a compelling defense since they show Brooks to have proceeded through the intersection after the traffic light turned red, colliding with appellee's auto while he was proceeding through a green light, and that Brooks never saw appellee's auto even though he was proceeding in what appears to be a negligent manner. Moreover, "[c]ourts are not required to open judgments merely because the defendant produces evidence which, if true, would constitute a defense." *Berkowitz v. Kass*, 351 Pa. 263, 264, 40 A. 2d 691 (1945).

[4] Entry of a default judgment is a proper course of action when a party unreasonably fails to answer interrogatories, thus preventing the cause of action from going forward. Rule 4019(c) (3), Pa. R. C. P. (1966) ; *Isenberger v. Schumann*, 415 Pa. 217, 203 A. 2d 136 (1964).

[5] In his deposition, counsel for appellants read the following from a memorandum prepared by him in connection with the peti-

might be excused, the failure to respond to the drastic nature of the final two letters and the May 11th Order was justifiably found by the lower court to be inexcusable. Appellant was given separate notice of appellee's intent to seek sanctions and the default judgment. The record clearly indicates that appellee's counsel exercised considerable forbearance and afforded ample opportunity for appellants to answer the interrogatories.

Moreover, subsequent to appellee's filing of interrogatories, appellant had served two separate sets of interrogatories upon appellees and received answer thereto. This indicates, with certainty, that appellant's counsel was fully aware of the fact that the suit was progressing toward trial.

While it is true that a mistake or inadvertence of counsel will often justify the opening of a default judgment entered against a defendant [*Stephens v. Bartholomew*, 422 Pa. 311, 220 A. 2d 617 (1966); *Clearfield Cheese Co., Inc. v. United Stone and Allied Products Workers of America*, 378 Pa. 144, 106 A. 2d 612 (1954)], a reasonable excuse for the default must be offered. *Pinsky v. Master*, 343 Pa. 451, 23 A. 2d 727 (1942); *Weiner v. Cassin Motors, Inc.*, 174 Pa. Superior Ct. 235, 101 A. 2d 431 (1953); *Colacioppo v. Holcombe*, 166 Pa. Superior Ct. 186, 70 A. 2d 452 (1950). In the circumstances of this case, appellants' failure to answer was not, as the lower court found, sufficiently excused or explained by appellants' self-serving protestations about clerical difficulties, given the numerous opportunities appellants had to answer.

---

tion to open: "It is my opinion that it is going to be nearly impossible to get this judgment opened due to the fact that the plaintiff's (appellees) attorney was very diligent in keeping us advised of what was going on." (Edel deposition, N.T. 31).

The lower court was fully justified in finding appellant's failure to answer to be without a reasonable excuse or explanation. Absent a clear, manifest abuse of discretion in so finding, that decision should not be disturbed by this court. *Walters v. Harleysville Mut. Cas. Co.*, supra; *Weiner v. Cassin Motors, Inc.*, supra. Since the lower court's decision not to open the judgment was adequately supported by the facts and authorized by law, there was no abuse of discretion that would justify a reversal of its decision.

The order of the lower court is, therefore, affirmed.