Albert C. Weiss, Appellant *v.* City of Philadelphia, Appellee.

Frank Augostini, Appellant *v.* City of Philadelphia, Appellee.

Stella R. Dzinski, Appellant *v.* City of Philadelphia, Appellee.

Herbert J. Crossett, Appellant *v.* City of Philadelphia, Appellee.

John P. Martin, Appellant *v.* City of Philadelphia, Appellee.

James F. Brown, Appellant *v.* City of Philadelphia, Appellee.

Pasquale V. Malito, Appellant *v.* City of Philadelphia, Appellee.

Mary L. Holloway, Appellant *v.* City of Philadelphia, Appellee.

Edward K. Trueland, Appellant *v.* City of Philadelphia, Appellee.

Thomas J. Harrison, Jr., Appellant *v.* City of Philadelphia, Appellee.

Gregory Ferdinand, Appellant *v.* City of Philadelphia, Appellee.

Frank Baresich, Appellant *v.* City of Philadelphia, Appellee.

Charles E. Anderson, Appellant *v.* City of Philadelphia, Appellee.

James J. Costello, Appellant *v.* City of Philadelphia, Appellee.

Walter E. Bailey, Jr., Appellant *v.* City of Philadelphia, Appellee.

Timothy L. Bramhall, Appellant *v.* City of Philadelphia, Appellee.

Michael A. Pagano, Appellant *v.* City of Philadelphia, Appellee.

William M. Bradley, Jr., Appellant *v.* City of Philadelphia, Appellee.

George C. Hodge, Sr., Appellant *v.* City of Philadelphia, Appellee.

Roxey Matteo, Appellant *v.* City of Philadelphia, Appellee.

Francis DeLowerey, Sr., Appellant *v.* City of Philadelphia, Appellee.

Robert B. Labar, Appellant *v.* City of Philadelphia, Appellee.

Amedeo N. Mastrogiovanni, Appellant *v.* City of Philadelphia, Appellee.

Harold D. Kirkendoll, Appellant *v.* City of Philadelphia, Appellee.

Peter O'Neill, Appellant *v.* City of Philadelphia, Appellee.

Charles T. Walton, Appellant *v.* City of Philadelphia, Appellee.

John A. Magazu, Jr., Appellant *v.* City of Philadelphia, Appellee.

Thomas J. Skay, Jr., Appellant *v.* City of Philadelphia, Appellee.

Rocco E. Magnotta, Appellant *v.* City of Philadelphia, Appellee.

William C. Peters, Appellant *v.* City of Philadelphia, Appellee.

Salvatore Liotta, Appellant *v.* City of Philadelphia, Appellee.

Charles H. Bitler, Appellant *v.* City of Philadelphia, Appellee.

Horace J. Shiplee, Appellant *v.* City of Philadelphia, Appellee.

Richard R. Abruzzese, Appellant *v.* City of Philadelphia, Appellee.

Max Wiseltier, Appellant *v.* City of Philadelphia, Appellee.

Paul A. Ragone, Appellant *v.* City of Philadelphia, Appellee.

Thomas J. Coyle, Appellant *v.* City of Philadelphia, Appellee.

Robert P. Royle, Appellant *v.* City of Philadelphia, Appellee.

William E. Malady, Appellant *v.* City of Philadelphia, Appellee.

Fred S. Wylen, Appellant *v.* City of Philadelphia, Appellee.

Joseph J. Vandy, Appellant *v.* City of Philadelphia, Appellee.

Louis R. Taylor, Appellant *v.* City of Philadelphia, Appellee.

Francis Boyle, Appellant *v.* City of Philadelphia, Appellee.

Duncan Dube, Appellant *v.* City of Philadelphia, Appellee.

William F. Dick, Appellant *v.* City of Philadelphia, Appellee.

Robert E. Jenkins, Appellant *v.* City of Philadelphia, Appellee.

Francis D. Klein, Appellant *v.* City of Philadelphia, Appellee.

Felix L. Okrasinski, Appellant *v.* City of Philadelphia, Appellee.

Robert M. Lutner, Jr., Appellant *v.* City of Philadelphia, Appellee.

P. J. DeAngelis, Appellant *v.* City of Philadelphia, Appellee.

Jesse S. James, Appellant *v.* City of Philadelphia, Appellee.

Robert T. Dickson, Appellant *v.* City of Philadelphia, Appellee.

Charles M. Jones, Appellant *v.* City of Philadelphia, Appellee.

Charles Reilly, Appellant *v.* City of Philadelphia,
Appellee.

Robert K. Ostermueller, Appellant *v.* City of
Philadelphia, Appellee.

Edward Braceland, Appellant *v.* City of Philadel-
phia, Appellee.

John D. Brna, Appellant *v.* City of Philadelphia,
Appellee.

Submitted on briefs, November 20, 1981, to Judges
ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Timothy R. Smith, Tomar, Kamensky & Smith,* for appellant, Albert C. Weiss.

*Ellis Eisen,* Assistant City Solicitor, with him, *Alan J. Davis,* City Solicitor, and *Stewart M. Weintraub,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE BLATT, March 10, 1982:

The appellant, Albert C. Weiss, appeals[1] an order of the Court of Common Pleas of Philadelphia County dismissing his answer and new matter.

The appellee, the City of Philadelphia (city), instituted in the court below a complaint in assumpsit against the appellant for the collection of delinquent wage taxes allegedly owed by him. The appellant filed an answer and new matter[2] in response to such complaint and the city then interposed preliminary objections to his new matter. The court below, by its own admission,[3] inadvertently dismissed the appellant's answer in addition to striking his new matter. Such obvious and admitted error is, we believe, a basis for a remand here with directions to reinstate the stricken answer. The issue that remains before us, however, is whether or not, in view of our decision to reinstate the

---

[1] And 58 consolidated cases.

[2] As did the other appellants herein consolidated.

[3] By means of a letter to the prothonotary of this Court. Neither party contests that the answer was not inadvertently stricken. Also, we note that the court below did not, at the time of this writing, enter judgment against the appellant.

answer, the striking of the appellant's new matter is interlocutory and therefore not properly appealable. The city, of course, contends that the order of the court below to strike the new matter is interlocutory and unappealable while the appellant contends that such order effectively removes him from court.

It is well-established that an appeal will lie only from a final order unless otherwise expressly allowed by statute.[4] *Municipality of Bethel Park Appeal,* 51 Pa. Commonwealth Ct. 128, 414 A.2d 401 (1980). And, as a matter of policy, the rule against entertaining appeals from interlocutory orders was developed to preclude piecemeal determinations and the consequent protraction of litigation. *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954). Moreover, we have recognized that an adjudication must dispose of the entire case, end the litigation, or effectively put the litigant out of court in order for it to be considered to be a final and appealable order. *Bethel Park.*

Although the above standard is rhetorically clear, its application is often difficult. *See Brink's Inc. v. Pennsylvania Public Utility Commission,* (Nos. 1833 and 1966 C.D. 1981, filed November 12, 1981). Our Supreme Court has held that review of a lower court's rejection of a litigant's new matter which asserts pure questions of law (rather than fact) is interlocutory and unappealable.[5] *Marshall v. Powers,* 477 Pa. 306, 383 A.2d 946 (1978); *Adcox v. Pennsylvania Manufacturers' Assoc. Casualty Insurance Co.,* 419 Pa. 170, 213 A.2d 366 (1965). Here, our examination of the appellant's new matter discloses that, except for the section alleging that the appellant did not work in the city for

---

[4] Here, no such statute is involved.

[5] We note that this rule on appeals of purely legal new matters is analogous to our well-established rule that rulings on preliminary objections not in the nature of a jurisdictional demurrer are, with very few exceptions, interlocutory. *See, e.g., Graybill v. Fricke,* 53 Pa. Commonwealth Ct. 8, 416 A.2d 626 (1980).

the entire period alleged in the complaint, such pleadings assert questions of law[6] rather than "factual matter[s] to be proved to the trier of fact." *Adcox*, 419 Pa. at 174, 213 A.2d at 368. *See also Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968).

We believe, therefore, that the lower court's rejection of the appellant's purely legal new matter averments (as to which statute of limitations obtained) clearly did not serve to terminate the litigation between the parties, dispose of the *entire* case, or put the appellant out of court. *Bethel Park.* Rather, the appellant still may litigate his case below[7] because his answer was erroneously stricken and we will correct such error. Review by this court of his new matter, therefore, would only serve to compound the already protracted litigation involved in this case.

As to the only fact-raising section of the appellant's new matter which alleges that he did not work in the city during the entire period alleged in the complaint; we observe, however, that this averment is also encompassed in his answer. Inasmuch as this section of the new matter is *not* separable from and collateral to the main action, and will not cause *irreparable* harm to the appellant if its review by this Court is postponed, we believe that it also is interlocutory. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)).

We must, therefore, quash as premature the portion of the appellant's appeal contesting the striking of his new matter, and, due to the obvious and admitted error

---

[6] The appellant in his new matter mainly contends that the applicable statute of limitations is contained in Section 5527(6) of the Judicial Code, 42 Pa. C. S. §5527(6), and therefore that the limitation provided for in Section 19-509 of the City of Philadelphia Code does not apply.

[7] And, of course, the appellant would be able to appeal the *final* order of that court.

of the lower court, we must remand this case with the direction that the appellant's answer be reinstated.

ORDER

AND Now, this 10th day of March, 1982, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter and in the 58 consolidated and above-captioned matters is hereby reversed insofar as the appellant's(s') answer(s) were stricken. This case is remanded to the aforementioned court which is hereby ordered and directed to reinstate such answer(s).

IT IS FURTHER ORDERED that the portion of the appellant's (s') appeal(s) in the above-captioned matter(s) appealing the aforementioned court's striking of his (their) new matter(s) is (are) hereby quashed.

Judge PALLADINO did not participate in the decision in this case.