Commonwealth of Pennsylvania, Appellant *v.* Redek Auto Service, Appellee.

Submitted on briefs February 28, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Jerry McCoy,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Erik F. Lawson, Jr.,* with him *Robert H. Somerton, Zupancic and Somerton, P.C.,* for appellee.

Opinion by Judge Craig, April 4, 1983:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety Operations, has appealed from an order of the Court of Common Pleas of Allegheny County, which entered a default judgment against DOT and in favor of Redek Auto Service in Redek's statutory appeal to the court from DOT's suspension of the privilege to inspect motor vehicles. Administrative Judge Papadakos entered the default judgment pursuant to Redek's motion for sanctions against DOT for failure to respond to a request for document production under the discovery rules.

A default judgment is one of the proper sanctions which may be imposed against a party who, without satisfactory excuse, fails to make timely response to a mandatory discovery request. *Spilove v. Cross Transportation,* 223 Pa. Superior Ct. 143, 297 A.2d 155 (1972) (default judgment in trespass against insurance carrier for failure to answer interrogatories promptly because files had been mislaid).[1]

Here, Redek's counsel served on DOT, along with the notice of appeal, a request for production, under Pa. R.C.P. No. 4009, of any department records of previous violations by Redek. DOT does not dispute the relevance of the request which sought, at hearing,

---

[1] *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa. Superior Ct. 198. 280 A.2d 570 (1978), declining to approve summary judgment for refusal to answer superfluous interrogatories, is not pertinent here. *Verbalis v. Verbalis,* 286 Pa. Superior Ct. 209, 428 A.2d 646 (1981). approving a non pros as a discovery sanction, provides a closer precedent, although adamant refusal to answer interrogatories was involved there, rather than an unexplained failure to respond, as in this case.

to lay the basis for claiming entitlement to a warning in lieu of a suspension upon a first offense, under the discretionary terms of 67 Pa. Code §175.221(8).

The date of hearing here was fifty-one days after service of the request, placing the Commonwealth twenty-one days overdue beyond the thirty-day time limit. Although the administrative judge, in lieu of granting DOT's motion for continuance, afforded DOT an opportunity, until the end of the hearing day, to present evidence excusing its nonresponse, DOT presented no evidence, preferring now merely to argue on the brief its claims, external to the record, relating to its heavy workload.

The only difference between this case and *Spilove* is that the party there seeking discovery communicated several demands for answers before proceeding to court, while here Redek's counsel deferred making any motion for sanctions under Pa. R.C.P. No. 4019 until the day of hearing. Although we acknowledge that many members of the bar commonly follow the courteous custom of making inquiry of opposing counsel and issuing reminders when such responses are overdue, we cannot conclude that Administrative Judge PAPADAKOS abused his discretion in settling upon the sanction which he here imposed, expressing his concern and responsibility for the prompt disposition of matters before the court.

A state government agency, such as DOT, has a responsibility for timely implementation of the court's business which is no less than that which rests upon other parties. We affirm the decision.

ORDER

Now, April 4, 1983, the order of the Court of Common Pleas of Allegheny County, dated January 5, 1981, is affirmed.

DISSENTING OPINION BY JUDGE MACPHAIL:

I cannot quarrel with the majority opinion that the sanction imposed by the trial judge was within his discretion, but I am compelled to conclude that in this instance, that discretion was abused.

The papers sought by Petitioner's counsel were at the hearing and were presented to counsel before the hearing commenced. The precise nature of the matter sought to be discovered was Petitioner's prior record with DOT. That was exhibited to counsel, albeit well beyond the prescribed time for doing so.

It would seem to me that the imposition of sanctions under these circumstances produces a harsh and even unwarranted result. Surely there has been no prejudice to the Petitioner since *he* knew what his prior violations were. If the DOT record was not correct, he was in no better or worse position by reason of his late knowledge of that fact.

I would reverse and remand for a hearing on the merits.