Cheryl Marshall *v.* Southeastern Pennsylvania Transportation Authority et al. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

206

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas P. Fay,* with him *Arvin Maskin,* Deputy Attorney General, for appellants.

*Leonard N. Ross,* with him *Lawrence G. Metzger,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 8, 1983:

The Pennsylvania Department of Transportation (DOT) has appealed to this Court from an order of the Court of Common Pleas of Philadelphia County. The court's order, as a sanction for failure to make discovery, precludes DOT from entering a defense and presenting evidence with respect to liability at the time of trial of this personal injury matter.

The appellee, Cheryl Marshall, was allegedly injured on October 21, 1979, while riding as a passenger on a Southeastern Pennsylvania Transportation Au-

thority bus. The appellee instituted suit to recover for her injuries on May 6, 1980, and on June 3, 1980, served written interrogatories on DOT. DOT failed to either answer or object to the interrogatories within thirty (30) days, as prescribed by Pa. R.C.P. No. 4006(a)(2), and, as a result, the appellee filed, on July 29, 1980, a Motion for Sanctions. By order dated October 1, 1980, the court below granted the Motion and directed DOT to file answers to the interrogatories within twenty (20) days of the date of that order. The appellant failed to do so, and upon application of the appellee, an order was entered on November 20, 1980 precluding DOT from entering a defense and presenting evidence as to liability at the time of trial. The instant appeal by DOT to this Court followed.

Before addressing the merits of this appeal, we must first determine whether it is properly before us at this time. Specifically, the issue is whether the order from which DOT has appealed, which prohibits DOT from entering a defense and presenting evidence with respect to liability, but which reserves for trial the issue of damages, is a final, appealable order.

It is virtually axiomatic that no appeal will lie to this Court from an interlocutory order, unless otherwise expressly permitted by statute.[1] *Weiss v. City of Philadelphia,* 65 Pa. Commonwealth Ct. 260, 442 A.2d 378 (1982). As a matter of policy, this rule against entertaining appeals from interlocutory orders was developed to avoid piecemeal determinations

---

[1] Section 5105(c) of the Judicial Code, 42 Pa. C. S. §5105(c), empowers the Supreme Court to prescribe by rule the right to appeal from certain interlocutory orders. Pa. R.A.P. 311 implements Section 5105(c) and authorizes interlocutory appeals in certain situations. The order in the instant case, if interlocutory, is not one from which an appeal is allowed by Pa. R.A.P. 311.

and the consequent protraction of litigation. *Husted v. Board of Directors of Wellsboro Area School District*, 57 Pa. Commonwealth Ct. 520, 427 A.2d 272 (1981).

Several standards have been established to be used in determining whether an order is final or interlocutory. In general, an order is considered to be final if it terminates the litigation or disposes of the entire case. *Adoption of G.M.*, 484 Pa. 24, 398 A.2d 642 (1979). It has also been said that if the practical consequence of the order is effectively to put an appellant "out of court," the order will be treated as final. *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968). Similarly, an order is final if it precludes a party from presenting the merits of its claim to the lower court. *Marino Estate*, 440 Pa. 492, 269 A.2d 645 (1970).

The appellee vigorously argues that the instant appeal should be quashed as interlocutory. In support of this contention, she reasons that the order of the common pleas court did not end the litigation or dispose of the entire controversy, since the issue of damages still remains to be tried. In deciding whether an order is final, however, the proper approach is to look beyond the technical effect of the adjudication to its practical ramifications. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). Although DOT is not technically "out of court," since it still must appear at trial before the court below for the ascertainment of damages, the practical effect of the decree in question is to completely deprive DOT of its day in court so far as the issue of liability is concerned. In short, the sanction order *sub judice* precludes DOT from presenting the merits of any defense it may have to the appellee's claims. What was said by our Supreme Court in *Clearfield Cheese*

*Co., Inc. v. United Stone and Allied Products Workers of America*, 378 Pa. 144, 149, 106 A.2d 612, 614-15 (1954) is equally applicable here:

> [T]he decree *is* final to the extent that it determines that the defendants have no right to plead any defense to the plaintiff's claim for damages. The decree conclusively declared that the defendants cannot be heard to refute their liability for damages. The mere fact that the decree leaves open the amount of damages to be ascertained does not make it any less final as to all other provisions of the decree. (Emphasis in original.)

We therefore hold that the sanction order entered by the trial court in this matter is final for purposes of appellate review. Accordingly, we now turn to the merits of DOT's appeal.

The order of the trial court is based upon Pa. R.C.P. No. 4019, which governs the imposition of sanctions for failure to make discovery. This rule provides in pertinent part as follows:

> (a)(1) The Court may, on motion, make an appropriate order if

> (i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005. . . .

> (c) The court, when acting under subdivision (a) of this rule, may make

> (1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) *an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony,* or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make discovery as is just. (Emphasis added.)

The purpose of Rule 4019 is to ensure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the Rules of Civil Procedure. *Dunn v. Maislin Transport Ltd.,* Pa. Superior Ct. , 456 A.2d 632 (1983). The imposition of specific sanctions under the Rule is largely within the discretion of the trial court. *Pompa v. Hojnacki,* 445 Pa. 42, 281 A.2d 886 (1971). The exercise of judicial discretion in formulating an appropriate sanction order requires the court to select a punishment which "fits the crime." *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa. Superior Ct. 245, 407 A.2d 1338 (1979). The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Id.*

In the present case, the court's order prohibiting DOT from entering a defense and presenting evidence

on the issue of liability is clearly authorized by Rule 4019(c)(2). DOT contends, however, that the common pleas court abused its discretion by imposing that sanction. We disagree.

DOT failed to timely respond to the appellee's interrogatories, which were served upon it on June 3, 1980. As a result, the appellee filed a Motion for Sanctions on July 29, 1980. On October 1, 1980, the trial court granted the Motion and ordered DOT to file answers to the interrogatories within twenty (20) days of that order. DOT, however, flagrantly and inexcusably failed to comply with this order of court. When the sanction order at issue was entered on November 20, 1980, more than five (5) months had elapsed since the interrogatories had been served upon DOT.

Under these circumstances, and particularly in light of DOT's failure to either object to or answer the interrogatories propounded to it by the appellee *despite the entry of a court order requiring the same,* we believe that the punishment "fits the crime." We find no abuse of discretion by the lower court in choosing the sanction it here imposed.

As we said in *Commonwealth v. Redek Auto Service,* 73 Pa. Commonwealth Ct. 222, 224, 458 A.2d 614, 615 (1983), "[a] state government agency, such as DOT, has a responsibility for timely implementation of the court's business which is no less than that which rests upon other parties." The order of the trial court is affirmed.

ORDER

AND Now, the 8th day of August, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.