## Vogel v. Berkley

*Robert P. Ging, Jr.,* for plaintiffs.
*John J. Dirienzo, Jr.,* for defendants.

COFFROTH, *P.J.,* January 8, 1985—This case is here on: (1) plaintiffs' motion for judgment on the pleadings which defense counsel contends is untimely because filed before instead of: "After the pleadings are closed . . ." as required by Civil Rule 1034; and (2) plaintiffs' motion for sanctions for defendants' failure to file answers and/or objections to interrogatories in violation of Civil Rule 4006(a)(2) providing that answers and objections (if any) be

filed and served "within 30 days after the service of the interrogatories."

The case presents these

## QUESTIONS INVOLVED

1. Where a defendant in an assumpsit action fails to plead to a complaint within the prescribed 20-day period of Civil Rule 1026, are the pleadings closed for purposes of judgment on the pleadings under Rule 1034 on the theory that the well-pleaded factual averments of the complaint are admitted for want of denial under Rule 1029(b)?

2. Where a party fails to file and serve answers and/or objections to interrogatories within the prescribed 30-day period of Civil Rule 4006(a)(2), may sanctions be imposed on such party absent a prior court order directing said party to comply?

3. May a party seeking sanctions for an opponent's unjustified delay be barred from relief in whole or in part on equitable grounds for his own unjustified delay in seeking relief?

We answer the first question in the negative, the second and third questions in the affirmative; accordingly, we deny the motion for judgment on the pleadings and grant the motion for sanctions in part and deny it in part.

## FACTS

The following is a chronological log of the relevant procedural events in the case:

March 23, 1983—Praecipe filed for writ of summons in trespass and assumpsit.

April 28, 1983—Depositions taken of individual defendants.

January 5, 1984—Complaint filed and served, notice to defend not attached.

January 17, 1984—Notice to defend filed.

March 23, 1984—Plaintiffs' motion for judgment on pleadings filed.

May 8, 1984—Plaintiffs' praecipe for argument on motion for judgment filed, with brief.

October 4, 1984—Plaintiffs' motion for sanctions filed with scheduling praecipe.

October 30, 1984—Arguments on motions.

## DISCUSSION

A. Motion For Judgment On Pleadings:

We first note that the recent amendments to the Rules of Civil Procedure equating assumpsit and trespass actions procedurally were effective July 1, 1984, and that the relevant events including the filing of this motion for judgment all took place before that date, thus suggesting the question whether the amendments are applicable here. The general rule of law is that statutes and rules which are merely procedural and not substantive in character are, absent contrary intent of the enactment, given retroactive application to pending actions unless the litigant has acted in reliance on the former rule and would be prejudiced by retroactive application of the new. See PLE, Statutes §161 at note 86; Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976); compare Page v. Shanksville-Stonycreek, 29 Somerset L.J. 126 (1973). Civil Rule 52(c) expressly provides as follows:

"(c) Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date."

We need not decide, however, whether the recent amendments are applicable here for the reason that the motion was prepared and filed under the old rules and requests judgment on the assumpsit counts only, and counsel for plaintiffs did not alter that request at argument nor make any point of the

interim change in the rules. Moreover, since the motion for judgment is based on implied admissions for want of an answer to the complaint, the result is the same under either set of rules: (1) under former Rules 1045 and 1047, no answer in trespass was required, no default judgment could be taken for want of answer so long as defendant had appeared in the action (as defendants have done here), and failure to file an answer resulted in admissions only of identity, agency and control and a denial of all other factual averments of the complaint thereby putting the case at issue for trial on the latter averments and precluding entry of judgment on the pleadings; (2) under the amended rules, our holding as to nonclosure of pleadings applies equally to both assumpsit and trespass counts.

We deny the motion for judgment on the pleadings on the basis of the following propositions:

(1) The time fixed for pleading to the complaint in the form of a responsive answer is either 20 days after service of a properly endorsed complaint or 20 days after previously filed preliminary objections to such a complaint are disposed of (unless some other period of time is ordered or agreed upon). See Rules 1026, 1028 and 1003.

(2) The 20-day pleading rule is not mandatory. Paulish v. Bakaitis, 442 Pa. 434, 441, 275 A.2d 318 (1971). Hence failure to plead within that period does not preclude later pleading, even without leave of court or agreement, so long as the opponent is not prejudiced by the delay and judgment has not been entered. Zook v. Watterson, 42 Somerset L. J. 186, 31 D.&C.3d 77 (1982); Stern v. Jim Bulow Motors, 42 Somerset L. J. 190 (1983); Walker v. Walker (No. 2), 37 Somerset L. J. 326 (1979); Hemminger v. Benford, 34 Somerset L. J. 391 (1978) Krock v. Somerset State Hospital, 32 Somerset L. J. 236, 238

(1976); Miller v. Shumaker, 26 Somerset L. J. 126, 129 (1970); Malone v. Smith, 18 D.&C.3d 682 (1981); Goodrich Amram 2d §1026:1 page 230 and §1045(c):1 at notes 64-66. Since no judgment has yet been entered here, it cannot be said that the "pleadings are closed" within the meaning of Rules 1034 (judgment on the pleadings) and 1035(a) (summary judgment), which use the same phraseology and have the same meaning (Goodrich Amram 2d §1035 (a) :2); and the courts have concluded that the scheme of the Rules of Civil Procedure contemplates that entry of default judgment under Rule 1037(b) for want of an answer to a complaint is the exclusive means for a plaintiff to obtain judgment in that situation, and it is therefore generally held that pleadings are not closed until at least an answer has been filed. Conklin v. Wetzel, 5 D.&C.2d 136, 138 (1955); General State Authority v. James, 4 D.&C.2d 757 (1955); Babcock and Wilcox Company v. Fischbach and Moore Inc., 35 D.&C.2d 658, 660 (1965); Pat Stands Over Bull v. Bureau of Indian Affairs, 442 F.Supp. 360 (D.C., Mont. 1977), headnote 13; Hetman v. Fruit Growers Express Company, 200 F.Supp. 234 (D.C. N.J. 1961), headnote 8; GMC v. Blevins, 144 F.Supp. 381 (D.C. Colo. 1956), headnote 6; Williams v. Walnut Park Plaza, 68 F.Supp. 957 (E.D., Pa. 1946), headnote 1. As stated in GMC v. Blevins, supra, the proper procedural remedy for plaintiff where no answer is filed is an application for entry of a default judgment.[1] Stated otherwise, pleadings are closed only after the case is at issue and ready for trial on the

---

1. The language regarding the closing of pleadings in the Pennsylvania rules is taken from and is identical with the federal rules; hence relevant federal decisions are often applied in the Pennsylvania courts. See Goodrich Amram 2d §1034(a):1 and §1035:2.

merits, that is, ". . . when the time has expired for the filing of preliminary objections to the last responsive pleading allowed." Goodrich Amram 2d §1034(a):3 at note 68; see also Kimmel v. County Commissioners, 33 Somerset L. J. 53 (1975). All of the cases cited and relied on by plaintiff as supporting their contention that the pleadings are closed here are inapposite and instead support the rule above stated, as follows: Matthew-Landis Company Inc. v. Housing Authority of Chester County, 240 Pa. Super. 541, 361 A.2d 742 (1976), affirming 23 Chester 439 (1978), motion for judgment filed after answer to complaint filed; Rohr v. Logan, 206 Pa. Super. 232, 213 A.2d 166 (1965), applying the implied admissions principle of Rule 1029(b) in trial rulings after the case was fully pleaded and at issue on the merits; First National Bank of Minersville v. Laughlin, 75 Schuylkill 67 (1979) and Strause v. Craig et al., 50 Schuylkill 149 (1954), motions for judgment filed after cases at issue on complaints and answers, Richards v. Schuylkill County, 20 D.&C.2d 539 (1959), case at issue on complaint, answer and reply. In the other cases holding that judgment on the pleadings or summary judgment may be granted on the basis of implied admissions under Rule 1029(b), the pleadings consisted at least of a complaint and answer. See Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News Inc., 401 Pa. 337, 164 A.2d 215 (1960); Pisiechko v. Diaddorio, 230 Pa. Super. 295, 326 A.2d 608 (1974); Equibank v. Interstate Motels Inc., 41 Somerset L. J. 285, 25 D.&C.3d 149 (1982), Shaulis J.; Hallmark Personnel v. Wenrich, 32 Cumberland 525 (1982); see also Cercone v. Cercone, 254 Pa. Super. 381, 386 A.2d 1 (1978).

(3) Judgment on the pleadings and summary judgment should be granted only when there are

sufficient facts of record to satisfy the court that there is in reality no genuine issue of fact for trial. It is well established that even when such judgment appears technically proper on the record before the court because of some deficiency, but the deficiency is remediable by amendment, judgment should not be entered without allowing amendment if desired. DelQuadro v. Philadelphia, 293 Pa. Super. 173, 176-177, 437 A.2d 1262 (1981); Bogojavlensky v. Logan, 181 Pa. Super. 312, 124 A.2d 412 (1956); Lehner v. Montgomery, 180 Pa. Super. 493, 119 A.2d 626 (1956); Brown v. Shockey, 26 Somerset L. J. 240, 244 (1971); Goodrich Amram 2d §1034(b):1.1; compare Hoffman v. Zinn, 28 Somerset L. J. 331 (1973). In that way we assure that no pretrial judgment is entered unless the case for the winning party is clear and free from doubt on the merits. See Bureau For Child Care v. United Fund of Philadelphia, 416 Pa. 617, 623, 207 A.2d 847 (1965). The principle is equally applicable where no answer at all is filed and the issues are framed only by implied admissions; such admissions are ". . . at most technical, and strained . . .," Lehner v. Montgomery, supra, at 500, and carry no assurance that the case is meritoriously resolved on a motion for judgment. Here, ". . . we cannot assume that defendant cannot plead a good defense to the claim in whole or in part." Medusa Portland Cement Company v. Marion Coal & Supply Company, 204 Pa. Super. 5, 9, 201 A.2d 285 (1964). There are as yet "unknown" issues of fact to be revealed by full pleadings. See Del Quadro v. Philadelphia, supra, 293 Pa. Super. at 176. Hence, even if the motion were considered timely by closure of pleadings, it must be denied without prejudice to filing an answer.

(4) Defendants are not alone responsible for the

delay complained of. Plaintiffs began their action by writ of summons and delayed filing a complaint for more than nine months; a notice to defend was not filed until 12 days later on January 17, 1984, thus commencing the 20-day period for pleading. Although the motion for judgment was filed March 23, 1984, no praecipe for scheduling was filed until May 8, 1984, and since the praecipe as filed did not contain the information required by our local rules, it was properly disgarded until a correct scheduling praecipe was filed October 4, 1984. Most importantly, plaintiffs filed no praecipe for default judgment. As stated in Goodrich Amram 2d §1026:1, plaintiffs' ". . . neglect to take a default judgment against the defendant operated as an extension of the period for filing the answer." Therefore, even if the motion for judgment on the pleadings were otherwise timely, it cannot be said that the equities are clearly with plaintiffs. In procedural matters of this kind, there must be a balancing of equities. As stated in Urban v. Urban, 332 Pa. Super. 373, 378, 481 A.2d 662, 665 (1984):

"The Rules of Civil Procedure in Pennsylvania allow 20 days after service of a complaint for the filing of an answer. An answer not filed within the prescribed time may be stricken. The 20-day filing rule, however, is not mandatory but permissive. *Where possible the rules of civil procedure, including filing rules, should be construed in a liberal fashion to effect equitable results.* Thus, the filing of dilatory pleadings will generally be permitted where the opposing party has not been prejudiced by the delay. Much is left to the discretion of the lower court." (Emphasis added, citations omitted.)

"A plague o' both your houses."

B.  Motion for Sanctions:

According to the uncontradicted assertions in the motion for sanctions, plaintiffs sent interrogatories

to defense counsel on or about January 13, 1984. The motion for sanctions was filed October 4, 1984, was argued October 30, 1984, and no answer or objection to interrogatories has yet been filed, nor any extension of time sought or granted.[2] The motion seeks an order: "1. deeming all matters in the complaint to which the interrogatories were related to be admitted by the defendants. 2. refusing to allow the defendants to support or oppose designated claims or defenses, and prohibiting the defendant from introducing into evidence any documents, things or testimony. 3. prohibiting the defendants from filing an answer. 4. holding the defendants in contempt. 5. entering judgment in favor of the plaintiffs on the issue of liability." Defense counsel concedes that no answer to the interrogatories has been filed and argues that there is no such mandatory duty until ordered by the court to do so.

In substance, plaintiffs' counsel treats the 30-day period allowed for answering interrogatories by Rule 4006(a)(2) as mandatory, and defense counsel treats it as nonmandatory as in the case of the 20-

2. On January 16, 1984, plaintiffs' counsel filed a notice that the interrogatories directed to defendant PBS Coals Inc. and a request for production of documents were served on defense counsel by mail on January 13, 1984, but the interrogatories and request for production have not been filed. Rule 4004(a)(1) requires that the party taking a deposition by written interrogatories "shall file the interrogatories with the prothonotary of the court and serve a copy upon each party or his attorney of record." Under Rule 4006(a)(2), "The answering party shall file and serve a copy of the answers, and objections if any, within 30 days after service of the interrogatories. The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatories be answered."

The instant motion is not directed at failure to respond to the request for production of documents. See Rule 4009.

day period allowed for pleading previously discussed. The decisions seem to be taking a case-by-case approach. As stated in Goodrich Amram 2d §4006(a):10, at pages 186-187:

"This time period could be strictly enforced, if the court so chose. But since any time period under the rules can be extended by the court under Rule 248, supra, the courts were inclined to be lenient with regard to the time period for filing and serving the answers where the delay was slight, there was no prejudice, or the filing and serving were far in advance of the trial."

The broadness of this judicial discretion led to differing practices in the local courts, resulting naturally from differing judicial philosophies toward the discovery process. "As one might expect, some decisions reveal a strict attitude. . . and others a liberal attitude." Lewandowski v. General Telephone Company et al, 29 Somerset L.J. 83, 86 (1971); there is room for "personal predilictions" of the "individual judge." Goodrich Amram 2d §4001.3 at 27. Compare J.J. White Inc. v. Buckley & Company Inc., 65 D.&C.2d 794 (1974), cited and discussed in Gibbs v. Dirienzo, 43 Somerset L.J. 199, 202 (1984), Shaulis, J. But there are some well-established basic principles which all should adhere to, as follows:

(1) The purpose of procedural rules is to promote the primary goal of the judicial system which is in every case to bring it to issue and provide a fair trial and a just judgment on the merits within a reasonable time. Procedural rules, including the 30-day requirement for answering interrogatories, are to be interpreted with common sense to carry out the purpose for which they were adopted. Usner v. Duersmith, 346 Pa. 494, 31 A.2d 149 (1943). Thus, the rule requiring answers to interrogatories is, unlike the pleading rule discussed in Part A of this

opinion, a mandatory provision and the manner of enforcement depends upon a judicial evaluation of the circumstances and balancing of equities on a motion for sanctions. See Gonzales v. Procaccio Bros. Trucking Company, 268 Pa. Super. 245, 251, 407 A.2d 1338 (1979).

(2) The fundamental purpose of discovery procedures is to facilitate the judicial goal of justice on the merits by preventing concealment by a party of unfavorable evidence, or delay in disclosure of favorable evidence until a time when by reason of surprise it is too late for the opponent to counteract it or the opponent is otherwise prejudiced thereby. Trial by surprise has been called "trial by ambush." See "Abuses of Discovery," Chief Justice Warren Burger, "Trial" Magazine, September, 1984. As stated in Goodrich Amram 2d §4001(c):1 (pages 36-37):

"One of the prime reasons for discovery, under both the Federal Rules and the Pennsylvania Rules, relates to basic principles of good judicial administration, namely, the improvement of trial techniques by the elimination of 'surprise,' or, more accurately, perhaps, 'unfair surprise.' "

(3) Discovery sanctions can be classified as those which expedite and facilitate disposition on the merits by compelling full disclosure at trial, and those which are retaliatory and limit full disclosure at trial in order to compensate for some irremediable handicap of one party caused by the other so as to equalize them as far as possible and prevent unfair advantage. See Rule 4019(c) listing sanctions available. Thus, all discovery sanctions are intended as remedial only, not punitive, although the limiting sanctions may also have a punitive side-effect. Although Rule 4019(a)(1)(i) originally authorized sanctions for failure to object to or answer

interrogatories only when ". . . a party willfully fails . . ." to do so, the word "willfully" was deleted by amendment (November 20, 1978, effective April 16, 1979, 480 Pa. LXIV). So, willfullness of violation is no longer required but may be a factor for consideration on a motion for sanctions. See Shehady v. Pittsburgh Post-Gazette, 307 Pa. Super. 247, 251, 453 A.2d 18 (1982); Goodrich Amram 2d §4019(a):2.1. Compare Pompa v. Hojnecki, 445 Pa. 42, 45, 281 A.2d 886 (1971), and Gibbs v. Dirienzo, supra. Although it has been said that imposing sanctions ". . . requires the court to select a punishment which 'fits the crime,' " Gonzales, supra, 268 Pa. Super. at 252, that is merely a figure of speech expressing the notion that the sanction imposed should be commensurate with the nature and consequences of the violation. As Gonzales, supra, further states:

"The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." Accord Marshall v. SEPTA et al., 76 Pa. Commw. 205, 210, 463 A.2d 1215 (1983). The substantive rights of the parties are almost always best served by a just judgment on the merits, rather than a judgment rendered on the basis of procedural fault, although the former is often realized by the threat or risk of the latter. See Miller v. Kimmel, 28 Somerset L.J. 277, 285, 286 (1973). From the foregoing it is obvious that the provisions for drastic sanctions virtually deciding the case against the violator is intended to remedy prejudice caused by the violator, not to give the other party a judgment without the difficulties of trial although that may be its by-product. See Moyer v. Americana Mobile Homes Inc., 244 Pa. Super. 441, 445, 368 A.2d 802, 804 (1976); Walker v. Penelec, 35 Somerset L.J. 233,

241 (1978); Lenhart v. Rupp & Fleeger, 33 Somerset L.J. 391, 398 (1977).

(4) Sanctions available are listed in Rule 4019(c)(1) through (4), plus the catch-all subparagraph (5) which authorizes "such order with regard to the failure to make disovery as is just." Thus sanctions may be mild, moderate or drastic. The mildest sanction ordinarily imposed is an order compelling compliance within a fixed time, thus giving respondent ". . . another opportunity to comply . . .," Rapoport v. Sirott, 418 Pa. 50, 56, 209 A.2d 421 (1965), under penalty of further sanction under Rule 4019(c)(4) for contempt, or under other portions of Rule 4019(c), as is commensurate with the prejudice caused or likely to be caused by the violation; such a preliminary compliance order under penalty of further sanctions is expressly provided for in Rule 4019(g)(1). Such is our ordinary procedure on a motion for sanctions absent some significant prejudice warranting more severe action. See Gibbs v. Dirienzo, supra. Hence, the essential requirement for severe or drastic sanction is a necessity to offset irremediable prejudice resulting from the violation.[3]

---

3. Some courts have become impatient with frequent violations of the 30-day period for answering interrogatories, and resulting frequent hearings on motions for sanctions where the appropriate order is the minimum sanction compelling compliance. Philadelphia County enacted a local rule providing for an interlocutory order on praecipe to the prothonotary after failure to file timely answers to interrogatories, and upon notice, directing that answers be filed within 30 more days on penalty of non pros for failure to comply; but that rule was held invalid as inconsistent with the Rules of Civil Procedure. Gonzales, supra; Tice v. Nationwide Life Insurance Co., 284 Pa. Super. 220, 425 A.2d 782 (1981).

In Gurgasz v. Winter, 23 Lawrence 376 (1972), in which there was a long delay by plaintiff in answering interrogatories

352

In the instant case there has been an unreasonable and unexcused delay by defendants without answering plaintiffs' interrogatories, but no demonstrable prejudice resulting therefrom has been shown other than trial continuance; as in laches, mere delay which injures no one is not ground for severe relief. Peoples Bank & Trust Company v. Ankney et al., 40 Somerset L. J. 93 (1980).[4] Accord-

---

even after a court order had been made directing that answers be filed, the court said (377):

"Under ordinary conditions, defendant would be entitled to a judgment of non pros. in this case on the basis of the Rules of Civil Preocedure and cases cited in defendant's brief. Such an order would now be made were it not for the fact that in the past this court has never required strict compliance with this portion of the Rules of Civil Procedure and has been most lenient with counsel in this type proceeding.

"Therefore, since the answers to interrogatories have been filed we shall dismiss motion for sanctions.

"However, all trial counsel practicing before this court are now placed on notice that henceforth this court intends to be relatively firm in its enforcement of the procedural rules in this type proceeding, and we are requesting the Lawrence Law Journal Committee to provide public notice hereof in at least one issue of that journal." See also Capers v. Westinghouse Electric Corp., 75 D.&C.2d 78 (1975).

4. Prejudice to a litigant is not absolutely required; there may be unacceptable prejudice to the judicial system from excessive delay. As stated in Paulish v. Bakaitis, supra, 442:

"It is not enough for appellant now to argue that defendants have not shown prejudice; the interests of expeditious and efficient administration of justice by reasonable adherence to the rules of court were adequate grounds for the lower court's refusal to grant an indulgence of such magnitude in this case."

Compare Goncher v. Brant, 29 Somerset L. J. 332, 337 (1974). See also Pittsburgh National Bank v. Garrity, 31 Somerset L. J. 333, 336 (1976; Commonwealth v. Thomas, 28 Somerset L. J. 310, 316-17 (1973); Lewandowski v. General Telephone Company et al., 29 Somerset L. J. 83, 85-90 (1971), Mostoller v.

ingly, although defendants' contention that no sanction other than an order to answer within a fixed future period may be imposed is rejected as a general proposition, we accept it as the usual rule, and the proper result under the instant circumstances, without prejudice to a later motion for sanctions either of contempt for failure to comply with the order here issued or for other sanction to remedy any prejudice which may hereafter result either from the instant violation of the 30-day rule or of the instant order.

The result we reach is further consistent with the fact that plaintiffs have also delayed for an equivalent period of time in filing their motion for sanctions. See Part A, paragraph (4), supra, of this opinion and Part IV of Appendix; Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 508, 259 A.2d 451 (1969).

## ORDER

Now, January 8, 1985, it is ordered and decreed as follows:

1. Plaintiffs' motion for judgment on the pleadings is denied as premature, and defendants are allowed 20 days to plead to the complaint in the form of a responsive answer; in the event of failure to comply herewith, a motion for judgment will be granted on application to the court upon at least 48 hours' prior notice to defense counsel for prompt disposition.

2. Plaintiffs' motion for sanctions is granted as follows:

a. Defendants shall file responsive answers to plaintiffs' interrogatories within 20 days; upon fail-

---

Mostoller Estate, 39 Somerset L. J. 142, 155 (1980). There is as yet no such prejudice here.

ure to comply, judgment will be entered on the complaint for plaintiffs against defendants, or other appropriate sanctions ordered, upon application to the court after at least 48 hours' prior notice to defense counsel for prompt disposition.[5]

(b) This order is made without prejudice to an application for further sanctions filed promptly following receipt by plaintiffs of the answers to interrogatories, in the event such answers demonstrate that plaintiffs have been prejudiced materially by defendants' prior delay in filing answers. Such application for further sanctions may be presented in chambers on 48 hours' prior notice to defense counsel, for prompt disposition.

---

5. Compare Triolo v. Phila. Coca Cola Co., 440 Pa. 164, 270 A.2d 620 (1970); Vorhauer v. Miller, 311 Pa. Super. 395, 457 A.2d 944 (1983); Spilove v. Cross Transportation Inc. 223 Pa. Super. 143, 297 A.2d 155 (1972).